STATE of Missouri ex rel. Marcella PLATZ, Appellant,

v.

STATE TAX COMMISSION, State of Missouri, Respondent.

No. 50765.

Supreme Court of Missouri,

Division No. 2.

Dec. 14, 1964.

Christian F. Stipp, Carrollton, for appellant.

Thomas F. Eagleton, Atty. Gen., Joseph Nessenfeld, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

This is an appeal by an individual property owner and taxpayer, Mrs. Marcella Platz, from a judgment of the Circuit Court of Carroll County affirming an order of the State Tax Commission which in effect affirmed a county board of equalization order assessing for the purposes of taxation the appellant's residential property at $15,000. The county assessor had assessed the property at $10,000 but after a notice and hearing the county board of equalization raised the valuation to $15,000. In its final order the tax commission briefly reviewed the evidence before it, set forth certain conclusions of law; among others, that there was a presumption of correctness as to the actions of taxing officials and that in its proceedings the commission was the sole judge of "the credibility of witnesses appearing before it." The commission specifically concluded that "the evidence adduced by the Petitioner herein does not show that the assessed valuation of the property described herein, as fixed and determined by the Board of Equalization of Carroll County, Missouri, is unlawful, discriminatory, unfair, improper, arbitrary or capricious." And finally the commission found, "after due consideration and study of the evidence, record and data submitted on behalf of the Petitioner," that "the assessment of the Petitioner's property should be affirmed at", $15,000.

Mrs. Platz has briefed three interrelated points and finally urges that by reason of these contentions the $15,000 assessment "should be set aside and the appellant's property * * * assessed at $10,000 for tax purposes for 1961." She contends that the circuit court erred in affirming the order of the State Tax Commission because, she says, the order and assessment were contrary to and in violation of Sections 3 and 4(b) of Article X of the Constitution of Missouri, V.A.M.S., and Section 137.115

RSMo 1959, V.A.M.S., and "because said order and assessment were arbitrary, capricious and unreasonable." The constitution provides that property shall be "assessed for tax purposes at its value or such percentage of its value as may be fixed by law" (Art. X, Sec. 4(b) ) and that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax" and that "the methods of determining the value of property for taxation shall be fixed by law." Const.Mo. Art. X, Sec. 3. In this connection, presumably, the General Assembly has provided that the assessor "shall assess the property at its true value in money." V.A.M.S. Sec. 137.115. The appellant's basic complaint is that these constitutional and statutory provisions were violated in that her "property was assessed on the basis of the cost of construction of the dwelling upon it."

It would not be helpful to a determination of this particular appeal to analyze the constitutional and statutory provisions relating to the valuation and assessment of property, to consider the procedure involved, or to review terms and definitions, that has been done repeatedly and definitively. Cupples Hesse Corporation, v. State Tax Commission, Mo., 329 S.W.2d 696; In re St. Joseph Lead Co., Mo., 352 S.W.2d 656. The taxpayer has, appropriately and properly, pursued the prescribed administrative course for the redress of her grievance of unfair valuation and assessment of her property and this court "on appeal may only determine, with deference to findings involving credibility, whether the commission could reasonably have made the finding and set aside decisions clearly contrary to the overwhelming weight of the evidence." Peck's Products Company v. Bannister, Mo., 362 S.W.2d 596, 599; Stein v. State Tax Commission, Mo., 379 S.W.2d 495. In short, the appellate court problem is whether upon this record, the record made before the tax commission, there is competent and substantial evidence in support of its finding of value.

Drey v. State Tax Commission, Mo., 345 S.W.2d 228; Foster Bros. Mfg. Co. v. State Tax Commission, Mo., 319 S.W.2d 590. The identical argument has not heretofore been made, but not altogether incidentally, it may be observed, it has been unsuccessfully urged that the sale price of property was conclusive of its "true market value." Stein v. State Tax Commission, supra. Nevertheless, for the purposes of this opinion, it may be assumed that an assessment of a residence based wholly on the single factor of cost of construction would not stand the test of substantiality of evidence. State ex rel. Thompson v. Dirckx, 321 Mo. 345, 11 S.W.2d 38. But in no event does this or any other court have the power and authority to fix value and thereby assess the appellant's property at $10,000 or any other specific sum. In re St. Joseph Lead Co., supra.

In view of these basic rules and assumptions it is only necessary to briefly review the record in this case. In 1959 Dr. and Mrs. Platz purchased a lot, about one half of a block (assessed at $1,000) in a preferred residential area in Carrollton, and during the tax year 1960 were engaged in building a house, landscaping and otherwise improving the property. The completed residence is a one-story stone and brick house with a patio and two-car garage. There are three bedrooms, two full baths and two half baths, a living room, country kitchen, dining room and a utility room. Mrs. Platz says that she asked her architect to "draw up a plan of around $45,000." She did not know the total cost of her home but said, "I have been told that I would be doing good to get $35,000 or $40,-000 for it." She called as a witness a former recorder of deeds, now engaged in the real estate business, and he gave it as his opinion, based on what a willing buyer would pay and a willing seller would take in Carrollton, that the value of the Platz property was approximately $40,000."

The taxing authorities called as witnesses the contractors, subcontractors, workmen and suppliers of materials who had worked

on Mrs. Platz's home and they detailed the amounts of their respective bills and they approximated $61,000. The face amount of her home-owner's insurance policy is $50,-000. There were lists of the sales of residential property in Carrollton over the years and tabulations showing its assessed value, said to be 18% of the consideration paid for the properties, but there were no sales of comparable property in Carroll County. The township assessor says that he made an appointment with Mrs. Platz "to make the assessment" and this is his description of the interview: "She only wanted to sign for $10,000. She asked me where I got the idea it should be $20,000. I told her I thought the property cost between $80,000 and $100,000 and she mentioned the fact it only cost $50,000. I still maintained the house cost closer to $80,000 or $100,000 than $50,000. There was no other house to go by in making the assessment. We assessed it based upon the only thing we could go by and that was the cost price or in equivilent (sic) to other property in that bracket which there wasn't anything to go by. I thought at $75,000, twenty per cent would make it $15,000." In any event the property was initially assessed at $10,-000, and the county board of equalization, one member said on the recommendation of the assessor, after a hearing increased the valuation to $15,000. One member of the board said "We all know the costs of these buildings around here" and he said that in assessing this property its cost was considered and he thought "it would cost $100,000." But on direct examination this witness had said, "We based it on less than we thought it would cost. Q. You were basing it upon cost, is that correct? A. No, what it would bring when sold." Another board of equalization member said that "Because of what it cost" he still thought the property should be assessed at $20,000 or $25,000 but the other members "thought it was too strong and made it $15,000."

The burden was upon the taxpayer "of establishing a discrimination"

and a mere overvaluation of specific property, in the absence of proof of a systematic plan, is not sufficient to establish unfair or improper discrimination. Cupples Hesse Corporation v. State Tax Commission, Mo., 329 S.W.2d 1. c. 700. In its final order the commission noted in passing its prerogative of judging the credibility of the witnesses and, of course, the commission could disbelieve plaintiff's evidence of value or for that matter particular testimony of other witnesses. May Department Stores v. State Tax Commission, Mo., 308 S.W.2d 748, 761. But it is not necessary to analyze the evidence and point out all the circumstances, or indicate the permissible inferences, it is sufficient to say that cost alone was not the only factor before the commission. The noted evidence and its reasonably permissible inferences establishes the presence of other factors and, in short, substantially supports the order and finding of the commission. Stein v. State Tax Commission, supra; Cupples Hesse Corporation v. State Tax Commission, supra; May Department Stores Co. v. State Tax Commission, supra.

The respondent has filed a motion to dismiss the appeal, allegedly because the transcript does not comply with Supreme Court Rule 82.14(d) and was not timely filed (Supreme Court Rules 82.18, 82.19), V.A.M.R., and because the points relied on are abstract and therefore the appellant's brief does not comply with rule 83.05(e). The motion is without substantial merit and is overruled.

Since, as indicated on the merits of the appeal, the finding and order of the commission is supported by substantial evidence, the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.