**STATE of Missouri ex rel. William V. KAHLER, Appellant,**

v.

**STATE TAX COMMISSION of the State of Missouri, Respondent.**

**No. 50822.**

Supreme Court of Missouri,

Division No. 1.

July 12, 1965.

Opinion Modified on Court's Own Motion Sept. 13, 1965.

Motion for Rehearing or to Modify Opinion, or to Transfer to Court En Banc Denied Sept. 13, 1965.

Jack C. Jones, John Franken, Carrollton, for appellant.

Norman H. Anderson, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This is an appeal by William V. Kahler from a judgment of the circuit court affirming a decision of the State Tax Commission which upheld action of the County Board of Equalization fixing the assessed valuation of Kahler's improved rural real estate at $28,800. The parties, and others concerned in the several steps taken to reach this court, will, for the sake of brevity, at times be referred to hereinafter as follows: Mr. Kahler, appellant or Kahler; the State Tax Commission, the Commission or respondent; the County Board of Equalization, the Board.

The property involved was assessed by the township assessor for tax purposes as of January 1, 1963, at in excess of $34,-000. After a hearing before the Board at which the assessment was reduced to $28,-800, Kahler appealed to the Commission. § 138.430(2). (All references to statutes are to RSMo 1959 and V.A.M.S.) A full hearing was held before the Commission after which were handed down findings of fact, conclusions of law, and a decision affirming the action of the Board. On appeal of this decision to the circuit court under the Administrative Procedure and Review Act (§§ 536.100 to 536.140) the court entered its judgment affirming the action of the Commission. It is from this judgment that Kahler now appeals to this court.

A transcript of the proceedings and all evidence heard by the Commission was filed in the circuit court and is part of the record here. The record discloses that the matter was tried before the Commission on the theory that the "fair market value" and the "true value in money" of the property were one and the same.

This court has jurisdiction because construction of the revenue laws of the state is involved. § 3, Article V, Constitution of Missouri, V.A.M.S.; Koplar v. State Tax Commission, Mo., 321 S.W.2d 686 [1] and cases there cited.

Appellant contended before the Commission and in the circuit court, and contends here that the assessment is contrary to and in violation of §§ 3 and 4(b) of Article X of the Contitution of Missouri, and Section 137.115 RSMo 1959, V.A.M.S. in that (1) it results in the taxes being not uniform upon real estate within the county; (2) the property was not assessed at its true value in money; (3) the decision of the Commission and the judgment of the court are not supported by competent substantial evidence, nor by any evidence; and, (4) the assessment, and the decision of the Commission, were arbitrary, discriminatory, capricious and unreasonable.

The Constitution of Missouri provides that property "shall be assessed for tax purposes at its value or such percentage of its value as may be fixed by law * *" (§ 4(b) of Article X); that "[t]axes * * shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax" and that "the methods of determining the value of property for taxation shall be fixed by law." (§ 3, Article X.) The method of determining the value is supplied by § 137.115 which provides that the assessor " * * * shall assess the property at its true value in money * * *."

Appellant's basic complaints are that these constitutional and statutory provisions were violated because: (1) his property was assessed on the basis of the cost of construction of improvements, rather than its true value; (2) his property was not assessed at the same proportion or percentage of value as other real estate in the county; and, (3) the decision of the Commission is not supported by evidence.

The real estate involved is a 160-acre farm consisting of two 80-acre tracts di-

vided by a north-south road in Mendon Township, Chariton County. Kahler purchased this farm in about 1958, for $32,000. At the time of the purchase it was improved with what has been said to be a house worth approximately $5,000, a dilapidated barn and one or two outbuildings. Prior to 1963, the property was assessed at $6,200. The existing house was razed and the barn repaired and improved. Kahler then began the construction of a new residence on the east 80 acres, completing it and three new buildings consisting of two 30' x 60' metal buildings with concrete floors and a new 30' x 50' frame barn shortly before the first of the year 1963. The new residence is a 34.5' x 70' one-story, shingled roof, frame home with attached garage. It has a 15' x 30' basement, six rooms and three baths and is apparently heated and cooled by a central gas system. In the words of several of the witnesses, "there is nothing else like it down our way."

The evidence on which the Commission based its findings and decision, and on which the circuit court based its judgment, was substantially as follows: The township assessor testified that he had followed the practice each year (possibly as far back as 1929) of assessing real estate merely by copying from the assessment book of the prior year. He indicated that he had information from some source that he should assess real estate at 30% of its market value, but that he paid little, if any, attention to that information and "just took the previous assessment" without regard for the actual market value. Several individual tracts of land in the general neighborhood of the Kahler tract, and their respective assessed valuations, were called to his attention. Some of these tracts adjoined the Kahler tract. Regarding each of these he said the assessment was not based on the fair market value; that each was assessed at the same amount it had been "assessed for the last few years." Asked about an improved one-acre tract adjoining the Kahler property, he expressed an opinion that its fair market value was

$25,000. The record shows that this one-acre tract was assessed at $5,000, or 20% of its market value. He said he had assessed the Kahler property for tax purposes for the year 1963 at 30% of the combined known purchase price of the land and what he had been told was the cost of the construction of its improvements, rather than what he thought it was worth; indicating further that he thought its market value was less than its total cost. Sheriff Rice, a member of the county board of equalization, called as an adverse witness by appellant, testified that the Commission had instructed the Board to assess the Kahler property at 30% of its cost. He also testified that Kahler had informed the Board that the cost of construction of the new home was $70,000; that he did not know the fair market value of the property; that the assessment by the Board was based solely on the cost, not on the market value. On examination by the Chairman of the Commission, the sheriff said he thought there was a difference between cost and fair market value of the Kahler property; that Kahler "would have a hard time selling it for what it cost him."

Appellant produced four witnesses before the Commission who testified as to the fair market value of this property as of January 1, 1963. Three were real estate agents and one a banker. Their qualifications to testify as to the fair market value or true value in money of the property was not questioned. The highest value placed on this property by any one of these witnesses was $50,000.

In defense of the assessment by the Board, the Commission called to the stand and interrogated two members of the county court. Judge Guilford testified that appellant said the improvements cost him "somewhere around $70,000"; that the assessment made by the Board was based solely on 30% of the combined purchase price of the land and the cost of construction of the improvements. He also testified that he was not familiar with land values in the area of the Kahler property. Judge Hamp-

ton testified that the Board reduced the assessed valuation from $34,000 to $28,800. He further stated that this assessment was not based on the fair market value, but on the purchase price of the land and what Kahler had said was the cost of construction of the improvements. He also said that some tracts of real estate in the county were assessed at 20% of value and others at 30%, depending on the circumstances. At one point he said the Kahler property was assessed at 30% of cost and at another he said it was assessed at 20%, indicating that the latter percentage was the same as that used in assessing his own property. When asked his opinion as to the sale value of the Kahler property he said, "I wouldn't know; I wouldn't venture to make a guess", but when it was suggested that $50,000 or $60,000 would be its highest sale value he answered, "Well, that depends on your buyer; I'd say, yes." In reply to an inquiry by another member of the Commission as to whether the witness thought he was qualified to testify "as to what a farm would be worth with that kind of improvements", he said: "I am not." In final analysis, neither of these witnesses, nor the assessor or sheriff, would say that the combined purchase price of the land and the cost of construction of the improvements was the fair market or true value in money of the Kahler property. In fact, the two members of the county court were of the opinion there was a distinction to be made between its cost and its value indicating they thought its actual value was less than what it had cost petitioner. Yet they went along with using the cost figure as a basis solely because, to paraphrase the words of Judge Hampton: it was our understanding that the State Tax Commission required that we use cost of construction as a basis. There was evidence before the Commission that the improvements on the property were insured for $111,000.

■ We recognize that neither this court nor the trial court may substitute its discretion for discretion vested in the Commission and should not set aside its findings unless such findings are "unsupported by competent and substantial evidence upon the whole record"; or are "for any other reason, unauthorized by law"; or are "arbitrary, capricious or unreasonable"; or unless the finding "involves an abuse of discretion." § 536.140; Stein v. State Tax Commission, Mo., 379 S.W.2d 495, 498 [3].

■ It is our opinion that the decision of the Commission and the judgment of the trial court are wholly devoid of support by competent and substantial evidence. The only substantial evidence of the fair market or true value of this property came from appellant's witnesses; the three real estate agents and a banker, whose testimony was that its value ranged between $48,000 and $50,000. The two county judges, in effect, disqualified themselves to express an opinion as to the value of the property as improved and partially disqualified themselves to even express an opinion of its value as unimproved; one said he was not familiar with land values in the area of the Kahler property and the other said he was not qualified to express an opinion as to the "worth" of this property "with that kind of improvements." The collective result or consensus of the testimony of these two witnesses and that of the assessor and sheriff was that the Kahler property was assessed at some percentage of the combined purchase price of the land and the cost of construction of the improvements, rather than the fair market or true value. There was evidence that might support an assessment of the property as it existed at the time of purchase (in 1958) at a value based on its purchase price because that purchase was described by one or more of the witnesses as an "arms length, willing buyer and willing seller transaction." Subsequent to that purchase one or more buildings were razed and new improvements constructed, and the Commission was concerned with its value as thus improved. The value of the property before it was improved with the new home and other buildings might be taken into consideration as one element in arriving at the

total value of the whole property as improved, but addition of the cost of construction of improvements to that element does not by simple arithmetic necessarily produce the fair market value of the whole. This court has said that the sale price of real estate is not conclusive as to its fair market value. Stein v. State Tax Commission, supra. In State ex rel. Platz v. State Tax Commission, Mo., 384 S.W.2d 565, 567 [3], the court assumed for the purposes of that opinion, "that an assessment of a residence based wholly on the single factor of cost of construction would not stand the test of substantiality of evidence." We consider that the last-quoted statement should be and is the law of this state. In the instant case there are no other factors to consider other than the fact that the improvements were insured for $111,000, and we do not consider this fact and the cost of construction are together substantial evidence of the fair market value of the property under the whole record. The amount for which improvements are insured may be some evidence in support of their cost of construction and, conceivably, but not conclusively, of their insurable value; however, that is not to say it is perforce indicative of their true value, within the meaning of the law, where located as a part of the whole property. The Commission could not arbitrarily disregard the substantial and undisputed testimony of the three real estate agents and banker who were not impeached or shown by the record to have been disbelieved. We are mindful that "an administrative agency in determining a question of fact may pass upon the credibility of witnesses and where a claimant has the burden of proof may decide a claim solely upon a finding of lack of credibility of uncontradicted and unimpeached testimony offered in support of the claim," Koplar v. State Tax Commission, Mo., supra, 321 S.W.2d 1. c. 694 [5], but where, as here, there was no finding of lack of credibility, the testimony may not be ignored. The Commission mentioned in its decision, merely in passing, that it "is the sole judge of the credibility of witnesses

appearing before it", but nowhere did it find that it did not believe any witness appearing before it as was done in Koplar, supra. Without the testimony of those four witnesses there was no subsantial evidence of the fair market value of the Kahler property.

■■ Respondent contends that a presumption of validity and good faith attaches to the action of the assessor, the Board and the Commission and to the correctness of the value at which they assessed this property. This presumption, "however, was one of fact and was rebuttable and only served the place of evidence, until the [appellant], * * * came forward with the evidence hereinbefore set out. * * * The mentioned presumption could not be considered by the Commission in determining the issues before it in view of the evidence shown." Koplar v. State Tax Commission, supra, l. c. 693–694 [3, 4].

■ Respondent makes the point in its brief that "So long as the valuation is not in excess of true value, in the judgment of the assessing authorities, a taxpayer has no grounds of complaint, except only in the event he can demonstrate that there has, in fact, been an intentional discrimination against him as compared with other property owners." This point is followed with the argument that since appellant's property is assessed at $28,800—a valuation much less than its market or true value of $50,000 as fixed by his own witnesses—he has no ground on which to complain. This argument is not sound; it ignores or loses sight of the fact that taxes must be uniform on the same class of subjects within the territorial limits of the taxing authority. To demonstrate: the assessed valuation of $28,800 is 57.6% of $50,000. This is a far higher percentage of value than it is said that other property of the same class is assessed in the county. This theory, if applied, would destroy uniformity and discriminate against appellant.

Appellant says that his property should be assessed at $15,000; that this court should modify the Commission's order and declare as a matter of law that this is its assessed value. We do not have the power or authority, under this record, to fix the value and assess the property at the amount suggested or any other specific amount. Koplar v. State Tax Commission, supra; Drey v. State Tax Commission, Mo., 345 S.W.2d 228, 236 [5].

The judgment is reversed and the cause remanded to the circuit court with directions to enter an order in conformity with this opinion, and to remand the cause to the State Tax Commission for reconsideration by it in accordance with the findings and judgment of this court.