STATE ex rel. Hale W. BROWN,
Plaintiff-Appellant,

v.

Frank J. ANTONIO, Tax Assessor of St.
Louis County, Missouri, and Samuel B.
Murphy, Defendants-Respondents.

No. 34156.

Missouri Court of Appeals,
St. Louis District.

June 6, 1972.

Hale W. Brown, pro se.

George F. Gunn, County Counselor, Thomas W. Wehrle, Deputy County, Counselor, Robert H. Grant, Asst. County Counselor, Clayton, for Frank J. Antonio.

William W. Beckett, Columbia, Cook, Murphy, Lance & Mayer, Robert J. Koster, St. Louis, for Samuel B. Murphy.

SMITH, Judge.

This is an appeal from a judgment denying relator's petition for a writ of mandamus. Relator is a taxpayer residing in St. Louis County. He seeks to compel respondent, the assessor of the County, to assess all real and tangible personal property in the county (or at least in the taxpayer's school district) at its true value in money, rather than at one-third its actual value. The case was tried on a stipulation of facts.

It is relator's contention that Section 4(b), Article 10 of the Missouri Constitution, V.A.M.S., requires real and tangible personal property to be taxed at full value unless some other percentage is fixed by law. He then asserts that no such percentage has been fixed by statute and that Section 137.335, RSMo 1969 (V.A.M.S.), which governs St. Louis County, requires assessment at full value. Respondent and an intervening taxpayer contend that relator has not exhausted his administrative remedies through the County Board of Equalization and the State Tax Commission under the provisions of Chapter 138 RSMo 1969 (V.A.M.S.). They further contend that, in any event, the Constitution, statutes and case law authorize and recognize assessment of real and personal property at a percentage of its true value.

We must deal first with a contention advanced only by the intervening taxpayer—lack of jurisdiction of this court. It is clear that this case squarely presents a question of the proper method of assessment of property for tax purposes. It has been repeatedly held that such questions involve a construction of the revenue laws of this state. Koplar v. State Tax Commission, Mo., 321 S.W.2d 686 [1]; State ex rel. Kahler v. State Tax Commission, Mo., 393 S.W.2d 460 [1]. The Supreme Court

is vested with exclusive jurisdiction in such cases. Article V, Section 3 Mo.Const.

Cause transferred to the Supreme Court.

PER CURIAM:

The foregoing opinion by SMITH, J., a commissioner when the case was submitted to the court, is adopted as the opinion of this Court. Accordingly, cause transferred to the Supreme Court.

BRADY, C. J., DOWD, J., and ROBERT LEE CAMPBELL, Special Judge, concur.