STATE of Missouri ex rel. JOPLIN WATER WORKS COMPANY, a corporation, Relator-Appellant,

v.

PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent.

No. 57519.

Supreme Court of Missouri, Division No. 1.

May 14, 1973.

Motion for Rehearing or to Transfer to Court En Banc Denied June 11, 1973.

John H. Hendren, Hendren & Andrae, Jefferson City, for appellant.

Jeremiah D. Finnegan, Gen. Counsel, Gerald T. McNeive, Jr., Asst. Gen. Counsel, Jefferson City, for respondent, Missouri Public Service Com'n.

Richard L. Eckhart, Gen. Counsel, Laclede Gas Co., St. Louis, Edgar Mayfield, Gen. Sol., William C. Sullivan, Gen. Atty., St. Louis, Southwestern Bell Telephone Co., Robert L. Hawkins, Jr., Jefferson City, Missouri Telephone Assn., amicus curiae.

WELBORN, Commissioner.

Appeal (filed prior to January 1, 1972) from judgment of circuit court affirming an order of the Public Service Commission denying an increase in rates for water service of Joplin Water Works Company. Proposed rate increase would have produced estimated annual net income increase of approximately $128,000 to appellant.

The issues on this appeal involved the "fair value" rate base requirement laid down by this court in the case of State ex rel. Missouri Water Company v. Public Service Commission, 308 S.W.2d 704 (Mo. 1957), and reiterated in State ex rel. Dyer v. Public Service Commission, 341 S.W.2d 795 (Mo.1960). Appellant contends that in this case the Public Service Commission ignored the requirement that it find a fair value of appellant's property devoted to public service and test its proposed rates against such fair value figure. Appellant also contends that the fair value rate base which the respondent purported to find was not supported by competent and substantial evidence on the whole record.

Appellant does not disagree with the commission's finding of a net original cost rate base of the waterworks property of $5,836,178. Appellant's and commission staff's witnesses placed a trended original cost of the property, excluding land and land rights, franchises and consents, of $15,783,250. A minor difference existed between the witnesses as to the excluded items. Appellant's witnesses found a trended original cost less depreciation of $13,225,366. Staff witnesses found a net trended original cost of $11,653,502.27. The commission accepted this figure in its finding on that issue and appellant acknowledges that the finding is supported by the evidence.

The commission found a "fair value" rate base of $6,385,475, including a "fair value of the property of applicant used and useful in public service" of $6,333,763.

The commission further found that the estimated net operating income of $490,106 under the proposed rates of appellant would be excessive. It found that estimated net operating income of $362,059 under the existing rates would be adequate, just and reasonable. The commission found that a 5.67% rate of return on the fair value of appellant's rate base, including an 11.26% return on equity, is adequate, just and reasonable, and that a 7.68% return under the proposed rates was excessive. The 5.67% return on the fair value rate base found by the commission would produce a

net operating income of within a few dollars of the $362,059 found to be adequate and reasonable.

One of appellant's valuation witnesses testified to his finding of a trended original cost value, less depreciation, of $13,225,366, of appellant's property. He testified that the fair value of the property was "not less than $13,200,000." This witness testified that "fair value" and "present current value" are synonymous. A second valuation witness for appellant found the fair value of such property to be "no less than $11,600,000."

No staff witness testified to the "fair value" of appellant's property. Commissioner Jones who conducted a portion of the hearing on behalf of the commission agreed that the commission had not asked any staff member to "come up with a fair value rate base." He stated: "The Commission has not directed anyone to furnish fair value figures, they are supposed to furnish us all facts that would bear on the determination by the Commission of the fair value of the property."

Appellant's contention that respondents did not actually determine the fair value of its plant and property is premised upon three elements: 1. The absence of staff testimony of fair value. 2. The rejection of appellant's testimony of fair value. 3. Analysis of the testimony of staff witness Dunn, Chief of Economics Research for the Commission.

■ The Missouri Water Company case, supra, recognizes that the "fair value" which it requires the Public Service Commission to determine involves an exercise of judgment and is not the product of a simple formula. Consequently, Commissioner Jones expressed the proper function of the evidentiary hearing, i. e., to permit the commission to ascertain the facts upon which it would exercise its judgment in arriving at a fair value rate base. Therefore, the absence of testimony from staff witnesses would not preclude a determina-

tion of fair value, if the evidence presented did include the facts required in order to arrive at such determination.

Similarly, the rejection of testimony by appellant's witnesses of fair value would not preclude a finding of fair value otherwise supported by the evidence presented.

■ Staff economist Dunn testified that as an economist he was concerned primarily with determining a rate of return for appellant that would support its capital structure and adequately attract capital for its future needs. He recommended a return on common equity of from 10 to 11%, and provided the commission with data relating to such return, in increments of ⅒ of 1% to a rate of return based upon an original cost rate base. He testified that insofar as he was concerned, if the return which he recommended on common equity was to be related to a fair value rate base, he would adjust the percentage found on an original cost rate basis downward "to produce the dollars required by Joplin Water Works Company for purposes of paying long-term interest and providing a reasonable return to the common stockholder."

Appellant assumes here that because it can be demonstrated arithmetically that a 10.7% return on common equity would require a 6.21% return on an original cost rate base and that such return would amount to $362,426, which would compare with the $362.059 operating income based on existing rates, the commission merely determined what lowered rate of return applied to the fair value it found would produce the same return. Its brief states its contention as follows: "It is obvious that the Respondent followed Mr. Dunn's recommendation in first determining that the net operating income of the Relator under its present rates was $362,059, and having first determined this figure, lowered the rate of return to be applied to the Respondent's fair value figure to produce the same dollars that would have been produced if it had applied the recommended rate of re-

turn to the original net rate base of the properties."

Equally obvious is that this argument presupposes a finding of fair value by the commission, thereby refuting the assignment of error that the commission *failed* to find the fair value of its properties devoted to public service.

■ Appellant also attacks the fair value rate base determined by the commission on the grounds that the finding is not supported by competent and substantial evidence on the whole record. The fair value found by the commission falls between the range of the findings of net original cost and net trended original cost. Appellant acknowledges that the finding on these matters is supported by the evidence. In these circumstances, this court cannot say that the commission, in the exercise of its judgment, could not have reached the conclusion which it did on the fair value issue. State ex rel. Missouri Water Company v. Public Service Commission, supra; State ex rel. Dyer v. Public Service Commission, supra.

The property tax assessment cases of Koplar v. State Tax Commission, 321 S. W.2d 686 (Mo.1959), and State ex rel. Kahler v. State Tax Commission, 393 S. W.2d 460 (Mo.1965), are not in point here. In Koplar, the tax commission found the valuation evidence of the property owner unworthy of belief. Such finding left the record with the only evidence before the commission the patently erroneous assessment by the county assessor. In such circumstances, the court concluded that the record recital that the commission had viewed the property was the only basis for its finding and held that such view could not constitute competent and substantial evidence on the record. In this case, appellant has acknowledged that the commission had before it evidence of the net original cost and net trended original cost of the property.

In the Kahler case, the tax commission affirmed an assessment which the assessor acknowledged was based upon sale price plus cost of improvements. The county board of equalization had taken a similar approach. In neither instance had the assessing authorities endeavored to determine the fair market value of the property. The court held that the commission could not disregard the evidence of fair market value presented on behalf of the landowner. In that case the commission again was affirming an assessment improperly arrived at as demonstrated by the record. In this case, the commission arrived at its determination on the basis of record evidence relevant to the fair value issue.

Appellant again relies upon the fact that only its witnesses testified to fair value and that the commission staff witnesses did not attempt to provide any figure for such value. Inasmuch as fair value is a matter for the commission to determine in the exercise of its judgment on the evidence presented, the testimony of appellant's witnesses could not circumscribe such exercise of judgment nor could the absence of testimony by staff witnesses on the ultimate fair value figure preclude the commission from making its determination on the basis of the evidence which bore on the fair valuation of the property.

The court below did not err in overruling the petition for review insofar as the grounds here advanced are concerned. Respondent's motion to dismiss the appeal which was taken with the case is overruled.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.