John O'FLAHERTY and Jackson County, Missouri, Appellants,

v.

STATE TAX COMMISSION, Respondent.

No. 66890.

Supreme Court of Missouri, En Banc.

Oct. 16, 1985.

Jay Haden, John B. Williams, Michael F. Dandino, Kansas City, for appellants.

Jerome Wallach, Cathy Steele, St. Louis, for respondent.

BLACKMAR, Judge.

Paccar, Inc. is a manufacturer of trucks and mining equipment. Its products are custom made. At issue is the valuation of its parts inventory in Jackson County, Missouri for purposes of ad valorem taxation for the year 1982.

The appellant, Manager of the Division of Property of Jackson County assessed Paccar's inventory at $11,025,510 for 1982, thus indicating a "true value in money" of $33,109,640, inasmuch as the assessed valuation is required to be 33⅓% of the "true value in money."[1] (§ 137.115, RSMo 1978). Paccar sought review by the State Tax Commission, which found that the "true value in money" should be $27,525,-000, yielding an assessed valuation of $9,175,000. Jackson County appealed to the circuit court, which sustained the decision of the Tax Commission. We affirm the circuit court.

The dispute centers around a claimed deduction of $7,603,000, representing 36% of the inventory cost of "surplus parts." These were defined by Paccar as usable parts which are not expected to be used in manufacture for at least two years. It is possible that the parts might be used in manufacturing after that time, or might serve as repair or replacements parts for vehicles previously manufactured. The claim of a deduction on account of surplus parts, representing "carrying charges", was supported by expert testimony.

The county argues that all like items must be assessed at the same value, and that the Commission is not authorized by law to reduce the value of a portion of the inventory.

The governing statute, § 137.115, RSMo 1978 (now amended), reads in pertinent part as follows:

1. All other laws to the contrary notwithstanding, the assessor or his deputies in all counties of this state including the city of St. Louis shall, between the first day of January and the first day of June, annually make a list of all real and tangible personal property taxable in this city, county, town or district and, except as otherwise provided in subsections 2 and 3 hereof, shall assess the property at thirty-three and one-third percent of its true value in money in the following manner: ...

■■■ The determination of the "true value in money" of any property is a factual issue. Paccar's evidence shows that its "surplus" inventory is not readily saleable or usable. A prospective purchaser of the inventory would necessarily discount the portion which could not be readily sold. The State Tax Commission is the agency established by law for determining factual issues presented in assessment cases. We agree with the circuit court that the decision is supported by the evidence.

■■■ The appellant argues that there is a violation of Art. X, Sec. 4(a) of the Missouri Constitution, in that the valuation is not "solely on the nature and characteristics of the property," but rather takes into account the "nature ... or business of the owner." We find no violation as alleged. The effort is to ascertain the "true value in money", which is the equivalent of "fair market value." *Hermel, Inc. v. State Tax Commission*, 564 S.W.2d 888, 897 (Mo. banc 1978). The number of parts available for sale or use is an important factor in determining the true value in money, not simply because of the circumstances of the taxpayer's business, but because of the operation of the law of supply and demand. There is no constitutional violation.

■■■ An issue is also drawn as to the "obsolete" portion of the inventory. Obsolete inventory consists of items which are not currently usable, even as repair and replacement parts, because of design changes or modified regulatory standards. It is not clear from the record whether the Commission reduced the assessed valuation on account of these items, but we need not

---

1. The record provides no explanation as to why the smaller figure is slightly less than 33⅓% of the larger.

pursue the point. Paccar's evidence showed that the obsolete inventory did not have a determinable market value, even as scrap, and the Commission apparently agreed. We see no reason to disturb this conclusion.

The judgment is affirmed.

All concur.