**Roy V. KAY, Florence M. Kay and Freeda M. Kay, Plaintiffs–Appellants,**

v.

**Iva I. KAY, Defendant–Respondent.**

**No. 54461.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 17, 1989.

Frank William Kriegel, Jr., James Paul Beck, Clayton, for plaintiffs-appellants.

James M. Smith, St. Louis, for defendant-respondent.

STEPHAN, Judge.

This is an appeal from a court-tried action in the Circuit Court of the City of St. Louis. Plaintiffs filed a petition for imposition of a constructive trust. The trial judge made findings of fact and conclusions of law and determined no constructive trust existed. We affirm the judgment of the trial court.

On May 4, 1979 Bessie Harland deeded a sixty acre farm located in Reynolds County, Missouri to Eugene D. Kay and Iva I. Kay. Bessie died on June 2, 1979. Eugene, known as Bud, was the son of Bessie Harland and George Kay, who had predeceased Bessie. There were three other children born of the marriage, namely: Roy V. Kay, Florence M. Matlock (nee Kay)

and Freeda M. Kay, the plaintiffs. Bud died on June 6, 1982.

Plaintiffs contend Bessie conveyed the property to Bud so that he could divide the land among the four children and to avoid having it tied up in probate. Iva Kay and her daughter, Deborah Massey, both testified that Bessie wanted the farm to remain intact, as it had for generations, and denied the existence of any agreement or intent to divide the farm.

Alice Reichman Homeier notarized Bessie's signature on the deed. She testified that Iva and Bud were not present when the deed was executed. She further stated that Bessie was alert at the time and that the two of them talked at some length. Bessie told Mrs. Homeier that since Iva and Bud had taken care of her she wanted them to have the farm.

Plaintiffs raise two points on appeal.[1] First, that the trial court erred in excluding evidence relating to the last will and testament of Bessie Harland, including the exclusion of the will itself, along with statements made contemporaneously with execution of the will. Second, that the trial court erred in failing to find a confidential relationship between the transferor and the transferees and in excluding evidence regarding a possible confidential relationship between the trustee of the constructive trust and the beneficiaries.

Our standard of review is determined by Rule 73.01. We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or it misapplies or misinterprets the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We give due deference to the trial court's ability to judge the credibility of witnesses. *Id.*

The law governing the establishment of constructive trusts is found in Restatement of Restitution, § 183 (1937). It was adopted by Missouri in *Etheridge v. Hammer*, 450 S.W.2d 207, 210 (Mo.1970):

Where the owner of an interest in land transfers it inter vivos to another upon an oral trust in favor of a third person or upon an oral agreement to convey the land to a third person, and the trust or agreement is unenforceable because of the Statute of Frauds, and the transferee refuses to perform the trust or agreement, he holds the interest upon a constructive trust for the third person, if, but only if,

> (a) the transferee by fraud, duress or undue influence induced the transferor not to create an enforceable interest in the third person, or
>
> (b) the transferee at the time of the transfer was in a confidential relation to the transferor, or
>
> (c) the transfer was made by the transferor in contemplation of death.

Under this rule plaintiffs must prove not only that there was an agreement, but also one of the three implementing provisions. *Crane v. Centerre Bank of Columbia*, 691 S.W.2d 423, 426 (Mo.App.1985).

Under their first point plaintiffs assert error based on the rejection of evidence regarding Bessie's will. The trial court determined that Bessie's intentions when she signed her will, eighteen months prior to the execution of the deed, were irrelevant. We agree.

The statements and evidence regarding the will were remote in time. Moreover, the trial judge chose Mrs. Homeier, the notary public, as the most credible witness. Her testimony lent credence to the proposition that Bessie had merely changed her mind after executing the will. We give due regard to the trier of fact to determine the credibility of witnesses and to resolve conflicts in the evidence. *Ozark Wood Industries, Inc. v. First National Bank of Doniphan*, 625 S.W.2d 651, 654 (Mo.App.1981). The trial judge properly excluded the evidence regarding Bessie's will. Point I is denied.

Plaintiffs' second point asserts that the trial court erred in failing to find a

---

1. We note, however, that plaintiffs failed to follow Rule 84.04 in their brief. The "Points Relied On" section contained two identical points. The second point in the argument section was therefore, substantially different. In our discretion we will not dismiss the appeal.

confidential relationship between Bessie and Bud and Iva. A confidential relationship is generally synonymous with a fiduciary relationship. *Crane,* 691 S.W.2d at 428. It exists when there is a special trust allowing one side to influence the other. *Id.* A confidential relationship is usually found when "the person in whom confidence is reposed had either control or influence over at least a portion of the transferor's property, finances or business affairs." *Id.* at 429.

Family relationship may be considered as evidence of a confidential relationship, but it is not decisive. *Harlan v. Bishoff,* 649 S.W.2d 230, 233 (Mo.App. 1983). Plaintiffs have failed to show that the relationship here was anything more than a normal mother-son relationship. No evidence was presented to indicate Bud and Iva had any influence over Bessie's business and financial affairs. Plaintiffs cite the following testimony of Harley Wayne Hassen, Sr., son of plaintiff Florence M. Matlock, in support of their argument.

Q: To what extent did Bessie rely on Bud in taking care of her affairs?

A: I would say very much.

There is no mention of finances. This statement also shows that Bessie relied on Bud to care for her during her illness. It is not enough to compel a finding of a confidential relationship. The judgment of the trial court was, therefore, not erroneous.

Plaintiffs also argue that the trial court should have considered evidence of a confidential relationship between Bud and Iva and plaintiffs. They contend this evidence is relevant because if such a relationship exists between the trustees and the beneficiaries, no proof of fraud is necessary to establish a constructive trust. *Swon v. Huddleston,* 282 S.W.2d 18, 25 (Mo.1955).

Plaintiffs did not plead this point, nor did they make an offer of proof pursuant to Rule 73.01(a)(1) when the trial court excluded the evidence. Reversible error will not be predicated on the exclusion of evidence when there is no offer of proof that the evidence would favor the complaining party. *Stringer v. Reed,* 544 S.W.2d

69, 78 (Mo.App.1976). Point II is, therefore, denied.

The judgment of the trial court is affirmed.

SMITH, P.J., and SATZ, J., concur.