**Frank NEWMAN and Laverne Newman, Appellants,**

v.

**STATE TAX COMMISSION OF MISSOURI, Respondent.**

**No. 56281.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1989.

Michael J. McKitrick, Eileen Duncan, Clayton, for appellants.

Edward J. Hanlon, Patricia Ann Hart, St. Louis, for respondent.

SMITH, Judge.

Plaintiffs appeal from the order of the trial court affirming the decision of the State Tax ·Commission in assessing real property of plaintiffs located in the City of St. Louis. We affirm.

Plaintiffs purchased the property, on Gravois Avenue, for $32,000 in 1976. It consists of a two story residential two family flat with an attached print shop at the rear. The assessed value of the property was increased in 1987 from $13,560 to $31,690. On appeal to the Board of Equalization the assessment was lowered to $29,090. At the hearing before the Commission, plaintiffs produced an appraiser who assessed the true market value of the property at $57,500 based upon the market approach and the cost approach. The City's appraiser determined the value to be $91,900 based upon market, cost and income approaches. The Commission found the true value in money of the property to be $91,900. In its decision the Commission held that the burden of proof to support the assessed valuation on residential real property in the City of St. Louis rests on the assessor. This conclusion was apparently based on Sec. 137.115.1(1) RSMo Supp.1988.

■■■ Plaintiffs assert that the City failed to carry that burden by the clear, cogent and convincing evidence required by that statute. Nothing in the record before us establishes that the assessment here was "made by a computer, computer assisted method or computer program." Only under those circumstances does the statute place the burden of proof upon the assessor. In the absence of the statute there is a presumption that the assessment is correct and to overcome the presumption substantial controverting evidence is required.

*Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888 (Mo. banc 1978)[4]; *Cupples Hesse Corporation v. State Tax Commission,* 329 S.W.2d 696 (Mo.1959)[3–6]. The Commission found that plaintiffs had not proven their opinion of value. This is a determination of credibility and an evaluation of the evidence presented by plaintiffs by which we are bound. *Savage v. State Tax Commission,* 722 S.W.2d 72 (Mo. banc 1986)[1].

■■■ Even if the burden rested upon the assessor the evidence is sufficient to support the finding of the Commission. Appellate courts are loath to substitute their judgment for the expertise of the Commission in matters of property tax assessment. *Id.* There is no such thing as an absolute "true value" in an assessment which is, at best, a mere estimate. It has been stated that to warrant judicial intervention the assessment of property must, in the absence of an intentional plan or design of discrimination, be so grossly excessive as to be entirely inconsistent with an honest exercise of judgment. *Cupples Hesse Corporation v. State Tax Commission, supra,* [3–6]. Plaintiffs do not claim, and the record is devoid of evidence to suggest, that any plan or design of discrimination exists here.

■■■ Plaintiffs' challenges are to the accuracy of the valuations made by the City's appraiser. Evaluation of that testimony is for the expertise of the Commission which has found the valuations credible. We are not authorized to interfere with that evaluation. *Savage v. State Tax Commission, supra,* [1]. The evidence before the Commission was sufficient to support its findings.

■■■ Plaintiffs also contend that the assessor attributed all of the land value to the commercial usage of the property contrary to the requirements of Sec. 137.016.2 RSMo 1986. The findings of the Commission did not separately determine the value of the land and the improvements. It did attribute a true value to the commercial usage of the property and a separate true value to the residential usage. The statute

requires that where "real property" is used for more than one purpose and those uses result in different classifications, the assessor will allocate to each classification the percentage of the true value in money of the property devoted to each use. Real property encompasses both the land itself and the improvements. Sec. 137.010(3) RSMo 1986. Nothing in Sec. 137.016.2 requires that the land and the improvements be separately valued and separately classified. The Commission here has attributed separate valuations to the commercial use of the real property and the residential use. That is all the statute requires.

Judgment affirmed.

SATZ, P.J., and GRIMM, J., concur.