ASPENHOF CORPORATION,
Appellant,

v.

STATE TAX COMMISSION OF
MISSOURI, et al., Respondents.

No. 57574.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 22, 1990.

Jerome Wallach, St. Louis, for appellant.

Timothy Michael Joyce, Warrenton, for respondent.

CARL R. GAERTNER, Judge.

Appellant Aspenhof Corporation appeals the valuation of certain parcels of real property. We affirm.

Appellant is the owner of four parcels of land, which are the recreational facilities of Innsbrook Estates in Warren County, Missouri. The four parcels contain several acres of pasture and woods, hog sheds, a golf course, a lake, a gatehouse, several maintenances structures, and a clubhouse complex consisting of a lodge, a pool, a bathhouse, and tennis courts.

Appellant complains of the assessed valuation of the parcels for the years 1985 and 1986. The Warren County Assessor assigned a value to the land of $672,280 in 1985 and $614,210 in 1986. Appellant appealed this result to the County Board of Equalization, which determined the valuations to be $507,060 in 1985 and $517,020 in 1986. Appellant appealed this decision to

the State Tax Commission by virtue of Mo. Const. art. X, § 14; *See also* § 138.430 RSMo. 1986.

A hearing was held on November 24, 1986 before the State Tax Commission, which issued its decision on August 28, 1987, assigning valuations of $613,130 in 1985 and $585,710 in 1986. The Warren County Circuit Court affirmed the Commission's decision on May 8, 1989.

Review of the Commission's decision is limited to determining whether it is supported by competent and substantial evidence based upon the whole record, whether it is arbitrary, capricious, or unreasonable, or whether the Commission abused its discretion. *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888, 894 (Mo. banc 1978); *Oberjuerge Rubber Co. v. State Tax Commission,* 674 S.W.2d 186, 187 (Mo.App.1984). The evidence is considered in the light most favorable to the Commission, which is given the benefit of all reasonable inferences, and if the evidence would support either party's position, the reviewing court is bound by the Commission's decision. *Hermel,* 564 S.W.2d at 894. However, if the Commission's decision involves a question of law, we may review independently. *Boatmen's Bancshares, Inc. v. Director of Revenue,* 757 S.W.2d 574, 575 (Mo. banc 1988); *St. Louis County v. State Tax Commission,* 562 S.W.2d 334, 337–38 (Mo. banc 1978). There is also a presumption that the valuation is correct. *Hermel,* 564 S.W.2d at 895.

Appellant's sole point on appeal reads as follows:

The Circuit Court erred in upholding the State Tax Commission of Missouri's finding of the assessed value of the subject property because the record demonstrates that the property is losing money and no willing buyer can be found to purchase the property at the said assessed value. The Circuit Court and the State Tax Commission so held despite the fact that the County presented no credible evidence to support its assessment

nor to rebut the substantial and probative evidence of value presented by the Appellant.

■ The assessed valuation of property is its true value in money. True value in money is the fair market value of the property on the valuation date, *Hermel*, 564 S.W.2d at 897, and is a function of its highest and best use, which is the use of the property which will produce the greatest return in the reasonably near future. It is at best an estimate. *Newman v. State Tax Commission*, 781 S.W.2d 193, 194 (Mo. App.1989). Determining the true value in money is an issue of fact for the Commission. *O'Flaherty v. State Tax Commission*, 698 S.W.2d 2, 3 (Mo. banc 1985).

■ There are several methods to calculate true value in money when assessing property: the sales comparison or market data approach, the income approach, the replacement cost approach, and the cost of construction approach, to name just four. *St. Louis County v. Security Bonhomme, Inc.*, 558 S.W.2d 655, 659 (Mo. banc 1977). The method used depends on several variables inherent in the highest and best use of the property in question. Each method has factors, unique to the method, to consider in calculating the property's true value in money. *Security Bonhomme*, 558 S.W.2d at 659. Once the Commission decides to use a particular method, it must consider all of that method's factors in arriving at a valuation. *Stephen & Stephen Properties, Inc. v. State Tax Commission*, 499 S.W.2d 798, 802 (Mo.1973).

■ The method used by the Commission in this case was the widely accepted replacement cost less depreciation method. *See Quincy Soybean Co., Inc. v. Lowe*, 773 S.W.2d 503, 505 (Mo.App.1989). This method consists of three factors: 1) The value of the land if it were vacant, added to; 2) the value of replacement costs of improvements, and subtract from that sum; 3) the value of depreciation of the improvements. Contrary to appellant's assertion in their brief, the fact that the

property is losing money is *not* a relevant factor to consider. It is a factor used in the income approach, which neither appellant, respondent, the County, nor the Commission used.

Appellant's argument appears to be that because the property was losing money, there were no willing buyers, and because there were no willing buyers, the assessed valuation is wrong. Appellant takes certain phrases out of context and "... confuses factors with methods and methods with factors." *Security Bonhomme*, 558 S.W.2d at 659.

Both parties presented evidence that the recreational facilities' expenses exceeded its intake. The respective experts, at the time these statements were made, were discussing and disagreeing upon the effect that fact had on the proper amount of depreciation to calculate under the cost approach to valuation. They both used variations of the cost method in arriving at their valuations, and did not discuss the income approach at length. Appellant also seized upon a statement in the County's expert's report which states that "... willing buyers for the subject would be practically non-existent and, therefore, the competitive aspect inherent in the market value assumption is missing." Appellant takes this phrase out of context and claims that because the willing buyer assumption is absent, the whole valuation must be thrown out. We disagree with appellant's reading. Read as a whole, that phrase is contained in a page in the report explaining why the cost method, as opposed to the market data method, was more appropriate to use in this case. The next paragraph states, "If such a buyer were available, he would be strongly guided by the market value of the land and the depreciated value of the improvements. Therefore, the cost approach is the most reasonable reflection of value in a special purpose property." The expert's testimony upon cross-examination by appellant is consistent in this regard.

If appellant's complaint is that the Commission used the cost approach instead of

the market data or income approaches, it is without merit because the Commission is vested with the discretion to choose the valuation method. *Xerox Corp. v. State Tax Commission,* 529 S.W.2d 413, 416 (Mo. banc 1975); *Quincy Soybean,* 773 S.W.2d at 505. If the complaint is that the Commission considered the wrong factors, that too is without merit because issues of income and willing buyers are not factors in calculating true value in money using the cost method. *Cf. Security Bonhomme,* 558 S.W.2d at 659.

We must also disagree with appellant's assertion that the County presented no credible evidence to support its position or rebut the "substantial and probative" evidence presented by appellant. Credibility is an issue for the Commission, provided they do not "... shut [their] eyes and act upon whim and without reason." *Cupples Hesse Corp. v. State Tax Commission,* 329 S.W.2d 696, 701 (Mo.1959); *See also Missouri Church of Scientology v. State Tax Commission,* 560 S.W.2d 837, 843 (Mo. banc 1977). That did not happen here. We find copious and substantial evidence in the record to support the Commission's findings, and their decision is not arbitrary, capricious, or an abuse of discretion.

The judgment is affirmed.

HAMILTON, P.J., and STEPHAN, J., concur.