STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff–Respondent,

v.

Max PRACHT, et al. (Exceptions of Leo J. Peirick's, Inc., et al.), Defendants–Appellants.

No. 57588.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 18, 1990.

---

Joe Bill Carter and Edward Wiegers, Kirkwood, for defendants-appellants.

Thomas B. Gilliam, Jr., Paul R. Ferber and Rich Tiemeyer, Kirkwood, for plaintiff-respondent.

STEPHAN, Judge.

This is an appeal arising out of the condemnation of property owned by Leo J. Peirick's, Inc., a truck stop and service center, which was acquired by the Missouri Highway and Transportation Commission for the purpose of widening Highway 50 in Franklin County, Missouri. Appellants, the landowners, presented the testimony of the owners, Leo and Rose Peirick. Both testified that, as a result of the taking, their damages were $385,000.00. Appellants also presented the testimony of two experts, Garland Noonan and Eugene Jefferson. Mr. Noonan, a real estate appraiser, expressed the opinion that appellants' damages totalled $260,000.00. Mr. Jefferson, an expert in the purchase and sale of service station properties, estimated appellants' damages to be $375,000.00. Respondent presented evidence that appellants' damages were only $68,000.00. The jury returned a verdict in appellants' favor in the amount of $90,000.00. Judgment was accordingly entered and this appeal was taken. We affirm.

Appellants raise five points on appeal. They are:

I. The Court permitted counsel for the respondents (sic) to make inexcusable, argumental and unnecessary objections and improper arguments.

II. The Court excluded testimony as to the purchase price of the subject property.

III. The Court excluded testimony as to comparable sales.

IV. The Court permitted respondent's witness to testify out of turn to impeach appellants' witness.

V. The Court refused to permit appellants' counsel to cross-examine respondent's witness, and to recall him as a rebuttal witness.

The three necessary components of a point relied on are: 1) a concise statement of the challenged ruling of the trial court; 2) the rule of law which the trial court should have applied; and, 3) the evidentiary basis upon which the asserted rule is applicable. *Thummel v. King*, 570 S.W.2d 679, 685–686 (Mo. banc 1978); *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo. App.1988). All five points in appellants' brief are deficient in that we are not informed wherein and why the trial court erred as required by Rule 84.04(d); none states the rule of law the court should have applied, the evidentiary basis upon which the asserted rule is applicable, and there are only the vaguest of references to the ruling being appealed.

The requirements of Rule 84.04(d) are mandatory. *Black v. Cowan Construction Company*, 738 S.W.2d 617, 619 (Mo.App.1987). Merely stating, in a conclusory fashion, what the alleged errors are without stating why they are errors does not conform to the rule and does not preserve the question for review. *Hoffman*, 757 S.W.2d at 292.

In our discretion we have sifted through appellants' arguments and review for plain error affecting substantial rights which would result in manifest injustice pursuant to Rule 84.13(c).

Appellants' first point argues that the trial court permitted respondent's counsel to make repeated and erroneous objections to evidence concerning cost of cure, limitation of access, and to the form of appellants' questions. They assert that these inexcusable, argumentative and un-

necessary objections and remarks confused the jury, causing them to disregard relevant evidence.

Appellants cite one case, *Riepe v. Green,* 65 S.W.2d 667 (Mo.App.1933), in support of their position. There it was said:

The record of evidence in this case is in part presented by question and answer and in part by narrative form. The part shown by question and answer is so replete with such inexcusable and unnecessary objections and remarks of defendant's counsel as to be inducive of confusion and should not be permitted in a court of justice.

*Id.* at 667.

Appellants documented over four hundred objections made by respondent's counsel during the course of the trial. We have reviewed the entire record, over seven hundred pages of transcript, and find appellants' point to be without merit. Most of respondent's objections were sustained and were meritorious. Many of those overruled were based on respondent's overruled motions in limine. It was necessary for respondent to make these objections at trial in order to preserve its record on appeal. *See, State ex rel. Missouri Highway and Transportation Commission v. Vitt,* 785 S.W.2d 708, 711 (Mo.App.1990).

■ Appellants attempt to reinforce their argument with affidavits of three jurors who attest to the fact that they were confused when the verdict was under consideration. The affidavits were apparently presented to the trial court in support of the motion for new trial. This is not compelling evidence. In Missouri, the affidavit or testimony of a juror is inadmissible and is not to be received in evidence for the purpose of impeaching the jury's verdict. *Williams Carver Company v. Poos Brothers, Inc.,* 778 S.W.2d 684, 688 (Mo.App. 1989). Jury deliberation must be guarded to bring finality to the litigation process, and, in addition to the rule precluding a juror's testimony about the jury's deliberation, matters inherent in the verdict are not assailable by affidavit for the purpose of impeaching the verdict. *Id.*

Since respondent's objections were for the most part, meritorious, we cannot say that the trial court was guilty of plain error. Point I is denied.

■ In their second point, appellants argue that the trial court improperly excluded testimony of Leo Peirick, Jr. regarding the purchase price of the subject property. Their contention, it seems, is that the purchase price was relevant and material to the determination of fair market value.

Mr. Peirick testified that he purchased the property June 1, 1983 from his parents. He further stated that he felt he got a good deal, that it was a family business and his father wanted to pass it along. When asked what he paid for the property, respondent objected and the objection was sustained. Appellants did not make an offer of proof.

■ Reversible error will not be predicated on the exclusion of evidence when there is no offer of proof that the evidence would favor appellants. *Kay v. Kay,* 763 S.W.2d 712, 714 (Mo.App.1989). We cannot see that manifest injustice occurred because of the exclusion, therefore, Point II is denied.

■ Appellants next argue that the trial court erred when it ruled that the owner of the subject property was not competent to testify regarding comparable sales. They assert that the owner was familiar with the property he planned to use for comparison purposes; therefore, the testimony should have been admissible. We disagree.

■ Initially, we note that the admission or exclusion of evidence is within the sound discretion of the trial court. *Del–Mar Redevelopment Corporation v. Associated Garages, Inc.,* 726 S.W.2d 866, 869 (Mo.App.1987). We will not reverse unless there is substantial or glaring injustice. *Id.*

■ The owner of real property, while not an expert, is competent to testify to the reasonable market value of his own land. *Wood River Pipeline Company v. Sommer,* 757 S.W.2d 265, 267 (Mo.App.1988).

This is accepted because, it is assumed, the owner is particularly familiar with the characteristics of his land as well as its potential uses. *Id.* It is to be expected that an owner's opinion, like that of an expert, will be based to some degree on hearsay. *Id.* When an owner's opinion is, however, based on improper elements or foundation, his opinion loses its probative value. *Id.*

In *Wood River Pipeline*, the owner of the property was permitted to testify that damage to her property occurred because of the risk of leakage from the recently installed pipeline. She based this opinion on incidents of leakage on other properties in the area. The company argued that, in permitting this testimony, the court allowed the owner to testify beyond her competence as an owner and allowed her certain evidentiary exceptions reserved for experts. *Wood River Pipeline*, 757 S.W.2d at 267. This court held that the testimony was permissible. The owner was intimately familiar with her own land. She, further, had personal knowledge of the leakage problems and used them only to assess the diminished value of her property. She did not attempt to value the other properties; she only used their common characteristics to determine her own damages. *Id.* at 268.

The same cannot be said here. Appellants wanted to present evidence of comparable sales, which would have required Mr. Peirick to testify to the value of the comparable properties. *Wood River Pipeline* does not stand for the proposition that an owner can testify to the value of comparable sales when he has not been qualified as an expert.

Moreover, appellants were not prejudiced by the rejection of this evidence. Their expert, Garland Noonan, testified to comparable sales in the surrounding area. There was no "substantial or glaring injustice." *Del–Mar Redevelopment*, 726 S.W.2d at 869. Point III is denied.

■■■ Appellants' fourth point on appeal argues that the trial court erred when it allowed respondent's witness, Sidney Richmond, *to* testify out of turn and during appellants' case-in-chief. Appellants assert that Mr. Richmond's testimony was presented solely for the purpose of impeaching their witness, Eugene Jefferson, who had not yet testified.

The trial court allowed Mr. Richmond to testify out of turn because his wife was hospitalized. Appellants' counsel was given one day's notice of the irregularity. Mr. Richmond testified that Mr. Jefferson had not contacted him to verify the sale price of a piece of property Mr. Richmond had owned, and which Mr. Jefferson had used as a comparable sale, per his deposition testimony. Mr. Jefferson was reminded of the inconsistent statement when respondent cross-examined him, and was given the opportunity to explain the discrepancy.

■■■ To make statements made by a witness admissible against him, it is necessary to lay the proper foundation by cross-examining the witness on such statements and giving him the opportunity to explain them. *Billings v. Stanley*, 759 S.W.2d 277, 280 (Mo.App.1988). To lay the requisite foundation, it is necessary to ask the witness whether he made the statement by quoting it exactly and pointing out the precise circumstances under which it was made. *Johnson v. National Super Markets, Inc.*, 752 S.W.2d 809, 812 (Mo.App. 1988).

We agree that respondent failed to lay a proper foundation in order to impeach Mr. Jefferson with extrinsic evidence. We cannot say, however, that this error rose to the level of plain error affecting substantial rights. Mr. Jefferson was given the opportunity to explain the prior inconsistent statement. Moreover, his testimony was cumulative of other evidence. Since appellants were not prejudiced, there was no plain error. We will, therefore, deny Point IV.

■■■ In their final point, appellants contend that the trial court erred when it refused to allow appellants to cross-examine Sidney Richmond, or to recall him as a rebuttal witness. We disagree. Appellants' proposed cross-examination of Mr. Richmond as well as the direct examination

on rebuttal as proposed by appellants' counsel would, in all likelihood, have revealed that Mr. Richmond had been a commissioner in the condemnation proceedings. Although a commissioner is competent to testify, the fact that he was a commissioner may not be made known to the trier of fact as such identification interferes with a party's right to a trial de novo in the circuit court. *State Highway Commission v. Wetterau Foods, Inc.*, 632 S.W.2d 88, 90 (Mo.App.1982).

Furthermore, we find no prejudicial error. The admission or exclusion of evidence is a matter within the sound discretion of the trial court. *Del–Mar Redevelopment*, 726 S.W.2d at 869. Appellants presented an abundance of evidence regarding damages to the subject property and could have provided evidence other than the testimony of this witness. *Cf., State ex rel. Missouri Highway and Transportation Commission v. Pully*, 737 S.W.2d 241, 246 (Mo.App.1987). Point V is denied.

The judgment of the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.