HEC CONTRACTORS, et al.,
Employer/Insurer/Respondent,

and

The Treasurer of the State of Missouri, as Custodian of The Second Injury Fund, Additional Party/Appellant.

No. 61031.

Missouri Court of Appeals,
Eastern District,
Division One.

April 21, 1992.

J. Patrick Chassaing, Curtis, Oetting, Heinz, Garrett & Soule, Clayton, for appellant.

John J. Larsen, Sr., Summers, Compton, Wells, Hamburg, Raymond J. Flunker, Evans & Dixon, St. Louis, for respondent.

CARMEL ENERGY, INC., Appellant,

v.

Harold FRITTER, Respondent.

No. WD 44475.

Missouri Court of Appeals,
Western District.

April 28, 1992.

James R. Bickel, Nevada, for appellant.

Lynn M. Ewing III, Nevada, for respondent.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

HANNA, Judge.

Plaintiff Carmel Energy, Inc. (Carmel) appeals from the trial court's award of $4,800.00 in favor of defendant Harold Fritter's counterclaim for damages. Carmel brought its action in replevin for a compressor and vapo-therm unit which had remained on the defendant's land past the end of their lease. Defendant Fritter's counterclaim was for storage of the property on his land.

Fritter entered into an oil and gas lease with Houston Natural Gas in 1980. Carmel subleased from Houston for six months and its interest in the lease ended in 1981, but Houston's lease continued until 1985 with Fritter receiving rentals until that time. Carmel's equipment covered less than one acre of Fritter's land. The

land was used as pasture before and during the lease, and continues to be so used.

In February of 1986, Fritter wrote and demanded that Carmel remove its property and demanded a storage charge of $5.00 a day. This letter resulted in Carmel's filing its petition in replevin. The court determined Carmel was entitled to its equipment and granted Carmel 90 days to remove it from the property. Defendant Fritter was given judgment in the amount of $4,800.00.

The sole issue for determination is whether the evidence supports an award to Fritter of $4,800.00. In this respect the defendant argues the damage award is supported either under 1) damages for an intentional trespass; 2) a theory of implied promise to pay $5.00 a day because of plaintiff's failure to respond to defendant's demand; or 3) a theory of quantum meruit.

■ The court, in pronouncing its judgment, remarked that while the counterclaim resembled one for rental value it could be characterized as a claim for damages or trespass as well, or a combination of each, and the counterclaim would be amended to conform with the relief actually sought. Regardless of how the counterclaim was designated it was a claim for past due rent from Carmel for storage of its equipment on Fritter's land. *See e.g., Bohlken v. Monsees,* 655 S.W.2d 604, 608 (Mo.App.1983). The court declined, on a belated request for finding of fact, to advise counsel of the method used to arrive at the damage award. Apparently the defendant has seized upon the court's remarks to claim a trespass to justify the damage award.

Fritter argues the court must have meant the failure to remove the property was an intentional trespass and the damages the court awarded were punitive, *citing Crook v. Sheehan Enter. Ins.,* 740 S.W.2d 333, 337 (Mo.App.1987). The parties have acknowledged that a statutory award for trespass under § 537.330, RSMo is not applicable since the section applies only to trespass to personal property. Section 537.340, RSMo governs trespass to realty and both parties also agree this section is inapplicable since none of plaintiff's

acts fit any of the specific descriptions of injury contained within that statute.

Defendant Fritter's position fails because there was no pleading requesting punitive damages, the evidence does not support such an award and the court's award is not designated as such. *See Benson v. Jim Maddox Northwest Imports, Inc.,* 728 S.W.2d 668, 669–70 (Mo.App.1987). In the light most favorable to an award of punitive damages, the defendant wrote two letters and made oral requests to remove the property and plaintiff failed to do so. This was insufficient to support an award of punitive damages, *see Crook,* 740 S.W.2d at 337.

■ Defendant alternatively argues the notification to Carmel, setting forth a specific amount of rent, with no reply, constitutes an implied promise to pay the amount requested, *citing Farris v. Faris' Estate,* 212 S.W.2d 71 (Mo.App.1948). In other words the defendant uses an implied contract theory as a vehicle to substantiate his $5.00 a day charge. This type of equitable claim is not available. Equity will not make a contract for the parties where they have not agreed. *Bohlken,* 655 S.W.2d at 607. The letter demanding $5.00 a day and advising plaintiff not to attempt recovery of its property without first resolving the rental charge does not suggest a meeting of the minds. *Id.* The defendant has not proven what the contract actually was. *Id.* Therefore, this argument fails.

■ Finally, defendant attempts to justify the award by claiming the evidence supported a quantum meruit claim for the fair market value of rent on his land. It should be noted here that plaintiff's petition requested the court to determine the fair market value of rent on defendant's property and the defendant's counterclaim requested the amount determined be entered as judgment against plaintiff.

■ Competent and substantial evidence is required to support an award of damages and the burden is on the party seeking to establish his claim to prove every essential element of that claim, includ-

ing the amount of damages. *Massey v. Goforth,* 305 S.W.2d 894, 897 (Mo.App. 1957). The amount may not be based on nothing more tangible than "a gossamer web of shimmering speculation and finely-spun theory." *Id.* A verdict which is not supported by the evidence as to the amount of damages must be set aside as promptly as a verdict that is not supported by the evidence at all. *Mitchell v. Mosher,* 362 S.W.2d 532, 536 (Mo.1962) and *Pinkston v. McClanahan,* 350 S.W.2d 724, 728–29 (Mo. 1961). To the same effect, where the court is the trier of fact, there must be substantial evidence to support the judgment. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

The evidence presented as to the fair market rental value of the property came from three sources. The president of Carmel testified the property's rental value should be $1.00 per year. The plaintiff's expert testified that property similar in nature rented for a range of $15.00 to $20.00 per year, with this specific property being worth around $25.00 a year. The defendant himself testified that in the 1950's his father entered into a contract for storage of equipment with an oil company for $3.00 a day. He further claimed the land was presently worth around $5.00 a day, since "everything else has appreciated in value." Therefore, the range of evidence is between $1.00 a year and $5.00 a day.

■ There was obviously some rent due and the only question remaining is a proper calculation of the amount. Since there was no findings of fact or conclusions of law, we are hesitant to speculate how the trial court arrived at the $4,800.00 figure. However, if the amount of the award is within the range of evidence, that determination is not erroneous although it is not precisely in accordance with the evidence of either of the parties. *Beardsley v. Beardsley,* 819 S.W.2d 400, 404–05 (Mo.App.1991). *See also Grate v. Richards,* 725 S.W.2d 45, 49 (Mo.App.1987).

■ The trial court had to determine the $4,800.00 figure by calculating an amount between $1.00 a year and $5.00 a day. Therefore, the question is whether the $5.00 a day testimony is competent and substantial to support the award. The general rule is a property owner, while not an expert, is competent to testify to the reasonable market value of his own land. *State ex rel. Mo. Hwy. & Transportation Comm'n v. Pracht,* 801 S.W.2d 90, 93 (Mo. App.1990); *Grate,* 725 S.W.2d at 49; and *Ward v. Deck,* 419 S.W.2d 286, 291 (Mo. App.1967). However, when an owner's opinion is based on improper elements or foundation, his opinion loses its probative value. *Pracht,* 801 S.W.2d at 94. Or, where the basis for a test as to the reliability of the testimony is not supported by a statement of facts on which it is based, or the basis of fact does not appear to be sufficient, the testimony should be rejected. *Ward,* 419 S.W.2d at 290. Judicial liberality in permitting an owner to testify as to his opinion of the amount of the loss does not allow an unrestricted right to engage in guesswork. *See Coach House of Ward Parkway, Inc. v. Ward Parkway Shops, Inc.,* 471 S.W.2d 464, 473 (Mo.1971) quoting from *Langdon v. Koch,* 393 S.W.2d 66, 70 (Mo.App.1965).

Here, the defendant testified the land was worth $3.00 a day in 1950 and should presently be worth $5.00 a day. That amount was based on a calculation of what his father charged thirty years earlier. However, this testimony does not raise to the level of substantial evidence sufficient to support an award of $4,800.00. There was no evidence of the 1950's "agreement" indicating the amount of equipment stored on the property, the acreage used for storage, the loss of use of the property and other factors. This sketchy testimony of $3.00 a day from oil companies in 1950 is not sufficient evidence on which to base the judgment. The testimony lacks probative value and should have been rejected accordingly. *See Ward,* 419 S.W.2d at 291. The finding of the court that damages were $4,800.00 is not supported by the evidence.

Because the evidence does not sustain the damage award rendered in defendant's favor, the judgment is reversed and the case remanded for a new trial.