Michael COHEN and Alison
Cohen, Respondents,

v.

Ed BUSHMEYER, Assessor, City
of St. Louis, Appellant.

No. ED 90089.

Missouri Court of Appeals,
Eastern District,
Division One.

March 25, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 29, 2008.

346

Carl W. Yates, St. Louis, MO, for appellant.

Elkin L. Kistner, St. Louis, MO, for respondents.

ROBERT G. DOWD, JR., Judge.

Ed Bushmeyer, the Assessor for the City of St. Louis, ("Assessor") appeals from the judgment of the circuit court reversing the State Tax Commission's ("the STC") valuation of Michael Cohen ("Mr. Cohen") and Alison Cohen's (collectively referred to as "Taxpayers") property. Assessor contends the circuit court erred in failing to uphold the STC's value of Taxpayers' property because the STC's decision was not arbitrary, capricious, or unreasonable and the STC did not abuse its discretion in finding Mr. Cohen's testimony of value was not probative. We reverse and remand.

Taxpayers own and have resided at improved real estate in the City of St. Louis known as 4662 Tower Grove Place ("the property") for approximately twenty years. Since 1991, the property has experienced sewage backups in the basement. The Metropolitan St. Louis Sewer District ("MSD") has studied the sewer backups at the property and certain surrounding residences. MSD identified the cause of the backups as insufficient capacity in the local sewer main.

As of January 1, 2005, Assessor's office determined the property's appraised value to be $217,210.00. Taxpayers appealed this assessment to the Board of Equalization ("the BOE"). The BOE reduced the appraised value of the property to $169,260.00. Taxpayers then filed a complaint for review of the assessment with the STC.

At the hearing before the hearing officer, Assessor argued for a valuation of $205,000.00 for the property. Assessor presented the testimony of an appraiser, Richard Adams ("Mr. Adams"). Mr. Adams testified that his valuation was based on an appraisal performed using a sales comparison approach, in which the value of the property was estimated based on the sales of three comparable properties. Although Mr. Adams was aware of the sewage backup issue and made note of some water damage, his valuation did not take into account the diminution in value caused by the backup of sewage into the basement of the property.

Mr. Cohen testified regarding the value of the property. When asked his opinion of valuation, Mr. Cohen stated that he "tried to put it in terms by asking people ... would [they] buy a house that [they] know floods raw sewage, that backs up raw sewage on multiple occasions over a period of years." After an objection, the following exchange then occurred:

[TAXPAYERS' COUNSEL]: We want the fair—Right. Your opinion as to the fair market value. What a willing purchaser—

[MR. COHEN]: Okay.

[TAXPAYERS' COUNSEL]:—would commit to buying your property for as of January 1st of the year 2005.

[MR. COHEN]: I put it at approximately $54,000.

[TAXPAYERS' COUNSEL]: Okay. And how did you reach that?

[MR. COHEN]: I could only see a person that would be interested in buying my property would be a speculator, buying on the if come.

[TAXPAYERS' COUNSEL]: Okay. And is it your practical understanding

that a speculator who—that would be a speculator—speculator who would be willing to purchase the property knowing that it—it has a great amount of risk?

[MR. COHEN]: Yes.

Taxpayers also presented the testimony of Andrew Dielman ("Mr. Dielman"), a licensed real estate broker. Mr. Dielman testified to the difficulty of selling real estate, such as the property, that is affected by sewage backups. Mr. Dielman did not state an opinion as to the value of the property.

After the hearing, the hearing officer entered a decision upholding the BOE's valuation of $169,260.00. The hearing officer found that neither Taxpayers nor Assessor presented evidence sufficient to rebut the presumption of correctness attached to the BOE's decision. Taxpayers applied to the STC for review of the hearing officer's decision. The STC subsequently issued its decision upholding the hearing officer's decision. The STC found the record was devoid of any evidence presented by Taxpayers, other than Mr. Cohen's own opinion, of the fair market value of the property. The STC, in upholding the hearing officer, found Taxpayers through Mr. Cohen's testimony alone did not base their valuation on proper elements or a proper foundation and accordingly gave no weight to the opinion. The STC found that without a proper basis, Mr. Cohen's opinion of value did not possess sufficient weight to rebut the BOE's value.

Thereafter, Taxpayers filed a petition in the circuit court for review of the STC's decision. After briefing and oral arguments, the circuit court entered its judgment holding the value of the property was $54,000.00.[1] Assessor now appeals.

1. In its judgment, the circuit court stated "[u]nder the circumstances once the testimony of Richard Adams was for all purposes excluded by the [STC]. The only evidence of

In his sole point, the Assessor contends the trial court erred in reversing the STC's determination of the value of Taxpayers' property. The Assessor maintains the STC's decision upholding the hearing officer's determination of the value was not arbitrary, capricious, or unreasonable and the STC did not abuse its discretion in finding Mr. Cohen's testimony of value was not probative. On the other hand, Taxpayers argue the STC misapplied the law in holding Mr. Cohen's testimony was not probative evidence. Taxpayers further assert the STC arbitrarily ignored Mr. Cohen's uncontradicted, probative evidence.

On appeal, we examine the underlying decision of the administrative agency, the STC, and not the judgment of the trial court. *Algonquin Golf Club v. State Tax Com'n*, 220 S.W.3d 415, 418 (Mo.App. E.D. 2007). While undertaking this review, we are limited to determining whether the decision constituted an abuse of discretion, whether it was supported by competent and substantial evidence on the record as a whole, or whether it was arbitrary, capricious, or unreasonable. *Id.* We consider the evidence in the light most favorable to the STC, together with all reasonable inferences therefrom. *Id.* We are hesitant to substitute our judgment for the STC in matters of property tax assessment. *Id.* Unless there is clear abuse, we will defer to the STC. *Id.* When the STC's decision is based on the agency's interpretation and application of the law, we review the conclusions of law *de novo. Id.*

Missouri law requires that real property be assessed at its "true value in money" as of January first of each calendar year. Section 137.115(1), RSMo Cum.

Supp.2007. True value in money is the price which the property would bring from a willing buyer when offered for sale by a willing seller. *Missouri Baptist Children's Home v. State Tax Com'n*, 867 S.W.2d 510, 512 (Mo. banc 1993). A willing seller is one who is not obligated to sell and a willing buyer is one who is not obligated to buy. *Daly v. P.D. George Co.*, 77 S.W.3d 645, 649 (Mo.App. E.D.2002). The true value in money is the fair market value of the property on the valuation date. *Missouri Baptist Children's Home*, 867 S.W.2d at 512.

Determining the true value in money is an issue of fact for the STC. *Aspenhof Corp. v. State Tax Com'n of Missouri*, 789 S.W.2d 867, 869 (Mo.App. E.D.1990). The STC is the judge of the credibility of the witnesses and of the evidence. *Equitable Life Assur. Soc. of U.S./Marriott Hotels, Inc. v. State Tax Com'n of Missouri*, 852 S.W.2d 376, 380 (Mo.App. E.D.1993). Furthermore, the relative weight to be accorded any evidence in a property tax appeal is for the STC, not the courts. *Id.* A presumption exists that the assessed value fixed by the BOE is correct.[2] *Quincy Soybean Co., Inc. v. Lowe*, 773 S.W.2d 503, 504 (Mo.App. E.D.1989). Substantial and persuasive controverting evidence is required to rebut the presumption, with the burden of proof resting on the taxpayer. *Id.*

Here, Taxpayers' only evidence of value came through the opinion testimony of Mr. Cohen. The general rule is that a property owner, while not an expert, is competent to testify to the reasonable fair market value of his own land.

value was that submitted by [Taxpayers]. That was $54,000.00."

2. We note the presumption of correctness in favor of an assessor's valuation was legislatively abolished in 1992 in Section 138.060.1.

Section 138.060.1 specifically states that "[t]here shall be no presumption that the assessor's valuation is correct." The statute does not address the presumption in favor of the BOE.

*Rigali v. Kensington Place Homeowners' Ass'n*, 103 S.W.3d 839, 846 (Mo.App. E.D. 2003). This rests on the assumption that he is particularly familiar with the characteristics of the land as well as its actual and potential uses. *Id.* Mr. Cohen, as a property owner, was competent to testify as to the valuation of his property, and the hearing officer and STC properly allowed and considered his testimony. From this, Taxpayers seemingly assume that a property owner's testimony in and of itself is substantial and persuasive evidence of value and Mr. Cohen's testimony was substantial and persuasive evidence of value in this case. The STC rejected Taxpayers' position and Taxpayers' assertion fails.

 While a property owner is competent to testify as to the value of his land, when property owner's opinion is based on improper elements or an improper foundation his opinion loses its probative value. *Carmel Energy, Inc. v. Fritter*, 827 S.W.2d 780, 783 (Mo.App. W.D.1992); *State, ex rel. Missouri Highway and Transp. Com'n v. Pracht*, 801 S.W.2d 90, 94 (Mo.App. E.D.1990); *Shelby County R–IV School Dist. v. Herman*, 392 S.W.2d 609, 613 (Mo.1965). "Where the basis for a test as to the reliability of the testimony is not supported by a statement of facts on which it is based, or the basis of fact does not appear to be sufficient, the testimony should be rejected." *Carmel Energy, Inc.*, 827 S.W.2d at 783. Judicial liberality in permitting an owner to testify as to his opinion of the value of property does not allow an unrestricted right to engage in guesswork. *Id.*

In *Carmel Energy, Inc.*, the property owner testified his land was worth $3.00 a day in 1950 and should presently be worth $5.00. *Id.* The property owner's amount was based on a calculation of what his father charged thirty years earlier. *Id.* The court found that the property owner's testimony did not rise to the level of substantial evidence where there was no evidence regarding why the land was worth $3.00 in 1950. *Id.* The court found that the property owner's "sketchy testimony" alone lacked probative value and should have been rejected accordingly. *Id.*

 Here, Mr. Cohen testified that in his opinion the property's fair market value was $54,000.00. Mr. Cohen based his opinion on his belief that the only person who would be interested in buying his property would be a speculator. Mr. Cohen offered no other evidence as to what he based his opinion on or how he arrived at his opinion of $54,000.00. Thus, as in *Carmel Energy, Inc.*, Taxpayers did not support Mr. Cohen's opinion of a value of $54,000.00 for the property with any statement of facts or factual basis. Mr. Cohen's valuation opinion was without a proper foundation.[3] Thus, in this case, the STC did not err in finding Mr. Cohen's opinion was not substantial and persuasive evidence and was without probative value.

Taxpayers argue the STC unreasonably interpreted the *Shelby County R–IV School Dist.* case to require a property owner to provide an expert foundation for his opinion. In *Shelby County R–IV School Dist.*, the property owner used a

---

3. Taxpayers also argue the hearing officer and the STC did not consider Mr. Cohen's opinion because it was based in part upon conversations with other people. Taxpayers properly state the law that it is to be expected that a property owner's opinion, like that of an expert, will be based on some degree of hearsay, citing the *Pracht* case. *Pracht*, 801 S.W.2d at 94. However, the following sentence in the *Pracht* case further states, "[w]hen an owner's opinion is, however, based on improper elements or foundation, his opinion loses its probative value." *Id.* Thus, while a property owner's opinion may be in part based on hearsay, it must still be based on facts and a proper foundation. Mr. Cohen's opinion was not supported by facts or on a proper foundation.

method of valuing his property that was not in keeping with recognized and accepted appraisal practice. *Shelby County R–IV School Dist.*, 392 S.W.2d at 614. Taxpayers' argument is misplaced because the STC did not require Taxpayers to use an expert method in their valuation of their property.[4]

In addressing Taxpayers' complaint concerning the hearing officer's reliance on *Shelby County R–IV School Dist.*, the STC noted language in the case declaring that a method of valuation "must be based upon a foundation which minimizes, as far as possible, conjecture and uncertainty." *Id.* at 614. The STC did not find, as the language of the hearing officer indicated, Taxpayers were required to use a specific methodology. The STC noted that Mr. Cohen's opinion of value was based upon the sewer backup problem on the property, but stated that there was "nothing further by which any rational and logical determination of value [could] be made based upon the owner's unsupported opinion." The STC further stated that "any owner's opinion, without substantiation leaves the trier of fact with nothing but 'conjecture and uncertainty.'" The STC correctly applied the law in not requiring Taxpayers to use a specific methodology to support their valuation and in not merely accepting Mr. Cohen's valuation opinion as substantial and persuasive evidence without a factual basis.

Taxpayers further contend the STC erred in disregarding or ignoring the substantial uncontradicted testimony of a witness, Mr. Cohen here, who was not shown to have been impeached or disbelieved by the STC citing *Missouri Church of Scientology v. State Tax Com'n,* 560 S.W.2d 837, 843 (Mo. banc 1977), and *State ex rel. Kahler v. State Tax Com'n,* 393 S.W.2d 460, 465 (Mo.1965). Here, however, the STC did not disregard or ignore Mr. Cohen's testimony. As stated previously, a property owner is competent to testify as to the value of his land, but any lack of professional experience on the part of the property owner goes to the weight of the testimony. *Rigali,* 103 S.W.3d at 846. The STC found Mr. Cohen's opinion of valuation standing alone was not substantial or probative and therefore, not sufficient to rebut the presumption of correctness of the BOE's valuation. The STC, and not this court, determines the weight to be given any evidence presented. *Equitable Life Assur. Soc. of U.S./Marriott Hotels, Inc.,* 852 S.W.2d at 380.

We find the decision of the STC was not arbitrary, capricious, or unreasonable because there was no substantial and persuasive evidence to overcome the presumption of correctness of the BOE's valuation and the STC did not abuse its discretion. The trial court erred in reversing the STC's decision. Assessor's point is granted.

The judgment of the circuit court is reversed and the cause is remanded for entry of judgment affirming the decision of the STC upholding the determination that the value of the property is $169,260.00.

KATHIANNE KNAUP CRANE, P.J. and KENNETH M. ROMINES, J., concur.

---

**4.** Taxpayers reference and cite to the decision of the hearing officer in their brief and not the STC's decision. We review the decision of the STC and not the hearing officer. *See Algonquin Golf Club,* 220 S.W.3d at 418.