Dennis RUSSELL, Plaintiff–Appellant,

v.

CONSTANTINO ENTERPRISES, INC., Defendant–Respondent.

No. 55910.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1990.

Application to Transfer Denied April 17, 1990.

Alvin A. Wolff, Jr., St. Louis, for plaintiff-appellant.

Thomas J. Plunkert, St. Louis, for defendant-respondent.

STEPHAN, Judge.

Appellant Dennis Russell initiated this slip and fall action against respondent Constantino Enterprises, Inc. which had forfeited its corporate charter subsequent to the accident and against its last board of directors as its trustees. The thrust of appellant's claim was that Constantino Enterprises negligently failed to have an adequate dockboard with handholds, anchors, or anti-slip devices, and failed to warn appellant of this dangerous condition. The jury found for Constantino Enterprises and assessed zero fault to both parties. From judgment entered upon that verdict, Dennis Russell appeals. We affirm.

Appellant, a truck driver employed by Interstate Motor Freight System, was injured while making a delivery of merchandise to the storage room of Constantino Enterprises, Inc. The entrance to the room was equipped with rubber pads so that trucks like the one driven by appellant could back up to it squarely without damage to the entrance itself. Because of the way other vehicles were parked near the entrance on the occasion in question, appellant was unable "to square up" with the dock and had to park his tractor and forty foot trailer so that the rear of the trailer was at a forty-five degree angle to the dock. An employee of Constantino Enterprises, Inc., placed a piece of plywood (referred to as a "dockboard") approximately two feet wide by about three feet long between the trailer and the dock. The dockboard was not secured to either the trailer or the dock and had no anti-slip devices or anchors to hold it in place. As appellant was attempting to facilitate the delivery of the merchandise, he stepped on the dockboard and it slipped out from under him, causing him to fall five or six feet to the ground between the building and trailer and sustain injuries to various parts of his body. Appellant underwent rather extensive medical treatment, including surgery. The residual effects of his injuries ultimately caused him to give up his employment as a truck driver and to accept a considerably lower paying job.

Appellant's first two points on appeal involve the trial court's exclusion from evidence of certain portions of the deposition of Thomas Schwartz, a former employee of respondent corporation. Schwartz was in charge of the receiving dock prior to and at the time appellant sustained his injuries. In the excluded portion of the deposition, Schwartz testified that prior to the day appellant fell, Schwartz had told his supervisor that the use of the dockboard was unsafe because of the lack of "restraining devices on it to keep it from sliding off the truck or off the loading dock." In his first point, appellant contends this testimony was admissible to show respondent's knowledge of the danger presented by the use of the dockboard in question.

A trial court has broad discretion in the exclusion of evidence; and, absent an abuse of that discretion, such a ruling provides no ground for reversal. *Pickle v. Denny's Restaurant, Inc.*, 763 S.W.2d 678, 681 (Mo.App.1988). We find no such abuse

of discretion here. That respondent was aware that the dockboard was not equipped with any devices to hold it stationary when spanning the space between the loading dock and a truck bed was a fact clearly acknowledged by all parties. The testimony of several witnesses clearly presented to the jury that respondent knew the dockboard lacked anchors or an anti-slipping device. Based on this evidence, the jury could readily draw its own conclusion that respondent knew such condition to be "unsafe." In light of all the circumstances indicative of respondent's knowledge of the situation, we fail to perceive how the exclusion of Schwartz's testimony expressing his opinion constituted an abuse of discretion.

■ Appellant also argues that, because the testimony was not objected to during the taking of Schwartz's deposition, it was not subject to objection at the trial. In support of this argument, appellant cites Rule 57.07(d)(3) which provides in part:

(B) Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition.

Despite appellant's apparent interpretation of it, Rule 57.07(d)(3) is clear that no other objection is waived at trial by not first raising it during the taking of the deposition.

■ In the instant case, the trial judge made it clear that he was not sustaining the objection to Schwartz's statements concerning his opinion about the lack of safety of the dockboard because of the "form" of the questions. The colloquy between the judge and counsel reflects that the court's ruling was based upon the cumulative effect of Schwartz's conclusionary testimony relating to facts which had been squarely placed before the jury through other testimony. We find no abuse of discretion and rule against appellant on the issue of the

exclusion of certain portions of Schwartz's deposition.

Appellant's final point is essentially that the trial court erred in sustaining objections to the testimony of his expert witness, an engineer, about the reliability and trustworthiness of safety standards established by the Occupational Safety and Health Act (OSHA), the American National Standards Institute (ANSI), and the National Safety Council (NSC) relating to dockboards.

Appellant argues that the trial court's failure to permit the engineer to testify as an expert and give his opinion was erroneous when he had been qualified as an expert by showing his education, research abilities, readings, studies and similar experiences. Appellant asserts that the engineer's answers to a hypothetical question should have been allowed as an expert opinion in an area beyond the usual understanding of laymen.

When appellant asked the engineer if he was familiar with the regulations and guidelines promulgated by the above named agencies relating to "dock plates and gangplanks," respondent's numerous objections to the questions were sustained. Similarly, appellant's counsel attempted several times to ask the witness whether, based on a reasonable degree of engineering certainty, he had an opinion whether anti-slip materials or anchors on the dockboard would have prevented appellant's fall. Respondent's objections to the form of these questions were sustained. On none of these occasions when respondent's objections were sustained did appellant's attorney make an offer of proof.

■ Generally, appellate courts will not review excluded evidence without a specific and definite offer of proof. *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876, 883 (Mo. banc 1985). A very narrow exception exists when there is a complete understanding, based on the record, of the excluded testimony, the objection is to a category of evidence rather than to specific testimony, and the record reveals the evidence would have helped its proponent. *Id.* at 883–84; *State ex rel.*

*State Highway Commission v. Northeast Building Co.*, 421 S.W.2d 297, 300–301 (Mo.1967). The exception does not negate counsel's duty to show the trial court what the witness's testimony would have been and that it was relevant and material. *In Interest of S.G.*, 779 S.W.2d 45, 52 (Mo. App.1989); *U.S. Fire Insurance Co. v. Madesco*, 573 S.W.2d 442, 443 (Mo.App.1978).

 Appellant argues that both the trial court and counsel were apprised that the excluded testimony relating to ANSI, NSC and OSHA standards was offered to show the standard of care and what constitutes a safe or unsafe dockboard based on engineering principles and established, trustworthy standards. Appellant states that opposing counsel's trial objections attempted to exclude certain categories of evidence, namely, the foundational questions and the category of standards. Appellant further states the excluded evidence clearly would have helped him by proving what constitutes a safe and unsafe dockboard, the standard of care. Based on the foregoing, appellant concludes that he met the narrow exception first enunciated in *Northeast Building* and reiterated in *Frank.*

Counsel's efforts to come within the narrow exception of *Northeast Building* are in vain. He has failed to meet the first prong requiring that a complete understanding of the excluded testimony be reflected in the record. Despite any contention that both attorneys and the trial court understood what the evidence would be, the record does not so reflect. We have carefully reviewed the testimony of appellant's witness, the engineer. While the questions, numerous objections and infrequent answers reflect appellant's attempt to establish certain safety standards were relevant, these standards were never clarified. For example, appellant's exhibit two is identified as a data sheet put out by the National Safety Council on dock plates and gangplanks. Although marked as an exhibit, it was not received in evidence and no offer of proof regarding it was made. We are left to guess at its contents and its import.

Had the expert witness testified that the various standards applied to respondent's particular industry and that the expert witness relied on these standards as the measure by which he or other mechanical engineers determined whether respondent's use of a particular dockboard constituted a safe business practice, appellant might have avoided the problems he encountered at trial. We, however, are governed by the record before the trial court presented to us. The omission of an offer of proof is fatal to appellant's claim of error. Point denied.

Accordingly, the judgment of the trial court is affirmed in all respects.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.