**TWIN BRIDGES ELECTRIC, INC., Respondent,**

v.

**Robert and Marcia COLLINS, Appellants.**

No. 59041.

Missouri Court of Appeals, Eastern District, Division Five.

July 30, 1991.

Reginald P. Bodeux, St. Charles, for respondent.

Margaret E. Gangle, St. Louis, for appellants.

SIMON, Judge.

Appellants, Robert and Marcia Collins, appeal from a judgment, by the Circuit Court of St. Charles County, in favor of respondent, Twin Bridges Electric, Inc., on both respondent's Petition on Account and on appellants' first amended counterclaim for damages. The trial was held before the court without a jury.

On appeal, appellants contend the trial court erred in: (1) refusing to admit testimony of two of appellants' witnesses, offered as experts, because they were qualified and competent to testify and the evidence was of a technical nature requiring expert testimony; (2) abusing its discretion by refusing to admit the testimony of the proffered experts; and (3) entering judgment for respondent as such judgment was (a) not supported by any substantial evidence, (b) against the weight of the evidence, and (c) a result of erroneous application of the law. We affirm.

The evidence adduced at trial revealed the following. Appellants leased a building in St. Charles County for the purpose of opening a restaurant. In early 1988, appellants contacted Mr. Nelson Reed, an officer and electrician for respondent, for the purpose of supplying electrical services and materials to repair and renovate the electrical wiring in the building. The building's existing wiring was insufficient for the purposes of a restaurant. Work was conducted by respondent from June of 1988 to October of 1988. On November 10, 1988, after the restaurant was opened for business, appellants experienced difficulty with the fire suppression system, but were unable to contact Reed to repair it. On November 11, 1988, the fire suppression system began to smoke and the restaurant was evacuated. Still unable to contact Reed, appellants called in Mr. Ed Kelley. Kelley and David Wright went to the restaurant the next day, made some repairs, and rendered the electrical service operational.

On November 21, 1988, respondent filed a Petition on Account for an unpaid balance of $13,627.60 for services and materials, plus interest. Appellants answered, stating as an affirmative defense that (1) the work was not performed in a careful, competent, and workmanlike manner and that respondent's work was so carelessly and negligently performed as to constitute a fire hazard; and (2) respondent breached an oral agreement between appellants and respondent regarding payment for work done by respondent. Appellants also counterclaimed for special and general damages caused by respondent's alleged defective workmanship. After a two-day trial, the trial court, on August 8, 1990, entered judgment for respondent in the amount of $12,875.60. On August 22, 1990, the trial court issued an order of nunc pro tunc finding judgment for respondent on appellants' counterclaim.

During the trial, appellants called both Wright and Kelley as witnesses. The two witnesses testified as to their experience and training in the electrical field, the observations and repairs they made at appellants' restaurant, and the amounts charged for their services. Respondent persistently objected, however, to various questions posed to these witnesses as calling for unqualified opinions. These objections were sustained throughout the testimony. The trial court did not preclude all testimony on the subject of the electrical work done at appellants' restaurant, but rather refused

to allow the two witnesses to testify as experts, specifically precluding them from giving opinions regarding the cause or causes of any problems in the electrical system which led to the fire suppression system box smoking.

Appellants' first and second points essentially contend that the trial court should have admitted into evidence the opinion testimony of Wright and Kelley because they were competent and qualified to give an opinion as to the electrical work done at appellants' restaurant. The determination of an expert witness' qualifications in the field in which his testimony is sought rests in the first instance in the sound discretion of the trial court. Its decision in that respect should not be set aside in the absence of a showing of an abuse of discretion. *McCutcheon v. Cape Mobile Home Mart*, 796 S.W.2d 901, 906[6] (Mo.App.1990). The admission or exclusion of evidence is within the sound discretion of the trial court and we will not reverse unless there is a substantial or glaring injustice. *State ex rel. Missouri Highway and Transportation Commission v. Pracht*, 801 S.W.2d 90, 93[11, 12] (Mo.App. 1990).

Generally, however, appellate courts will not review excluded evidence without a specific and definite offer of proof. A very narrow exception exists when there is a complete understanding, based on the record, of the excluded testimony, the objection is to a category of evidence rather than to specific testimony, and the record reveals the evidence would have helped its proponent. The exception does not negate counsel's duty to show the trial court what the testimony would have been and that it was relevant and material. *Russell v. Constantino Enterprises, Inc.*, 785 S.W.2d 682, 684–5[4] (Mo.App.1990).

Here, appellants did not make an offer of proof to show what the excluded testimony of the two witnesses would have been, or that the testimony would have been favorable to appellants. The record does not provide a complete understanding of the excluded testimony. The record allows us only to speculate as to what the opinions of these witnesses would have been. "Reversible error will not be predicated on the exclusion of evidence when there is no offer of proof that the evidence would favor appellants." *Pracht*, supra, at 93[9]. Thus, the claim that the trial court erroneously excluded the opinion testimony of appellants' two witnesses was not properly preserved for appellate review. In any event, the trial judge heard the witnesses testify as to what they observed and did. We find no substantial injustice. *Id.*, at 93[11, 12].

Appellants also contend that the trial court erred in entering judgment in favor of respondent because the judgment was not supported by substantial evidence, was against the weight of the evidence, and was the result of an erroneous application of the law on admissibility of expert testimony. The standard of review for a bench-tried case, as agreed by the parties, is set out in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). The judgment of the trial court must be affirmed unless it is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Id.* We accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence. *Behen v. Elliott*, 791 S.W.2d 475, 476[1, 2] (Mo.App. 1990).

Regarding appellants' claim that the trial court erroneously applied the law with respect to admissibility of expert testimony, our resolution of that claim is covered under our discussion of appellants' first two points, which we will not repeat.

In considering whether the judgment lacked substantial evidentiary support and is against the weight of the evidence, we note that most of the evidence given in this case was testimony of the parties and their witnesses. On appeal of a court-tried case, the appellate court defers to the trial court on factual issues because it is in a better position not only to judge the credibility of witnesses but also their sincerity, character, and other trial intangibles. *Webster v. Jenkins*, 779 S.W.2d 340,

342[1] (Mo.App.1989). *See also* Rule 73.-01(c)(2). The deference extended to the trier of fact on such issues is not limited to credibility of witnesses but also to the trial court's conclusions and all fact issues deemed to have been found in accordance with the result reached by the trial court. *Id.* [2, 3]. *See also* Rule 73.01(a)(2).

Respondent produced testimonial evidence from Nelson Reed, an officer and electrician for respondent, and Earl Cullom, chief electrical inspector for the city of St. Charles. Reed gave testimony, and tendered other evidence of expenditures for labor and materials, showing that respondent provided electrical services and materials between June and October of 1988. Reed and Cullom both testified that the amounts charged appellants by respondent were not unreasonable. Reed also gave testimony against appellants' affirmative defense of respondent's alleged breach of an oral agreement regarding payment for work done by respondent. Finally, Reed and Cullom gave testimony against appellants' affirmative defense and counterclaim concerning respondent's alleged careless and negligent workmanship, both stating that the work was done in accordance with the electrical code of the city of St. Charles. We find the judgment was supported by substantial evidence.

Finally, the record does not convince us that the judgment of the trial court was against the weight of the evidence. "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d at 32[1–3]. The record here does not provide such a firm belief. Point denied.

Judgment affirmed.

CARL R. GAERTNER, C.J., and CRANE, J., concur.