# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 5, 2004

## STATE OF TENNESSEE v. CORNELIUS BOALES

**Appeal from the Circuit Court for Henderson County**
**No. 03005-2     Donald H. Allen, Judge**

---

**No. W2003-02724-CCA-R3-CD  - Filed March 3, 2005**

---

The Appellant, Cornelius Boales, was convicted by a Henderson County jury of one count of felony possession of cocaine with the intent to sell, a class B felony, and one count of felony possession of marijuana with the intent to sell, a class E felony.  For these crimes, Boales received an effective twelve-year sentence as a Range I offender.  In addition, the trial court imposed a $100,000 fine as assessed by the jury for the cocaine conviction.  On appeal, Boales argues (1) that the evidence is insufficient to support either of his convictions and (2) that the trial court erred in imposing the maximum sentence and the maximum fine for his class B felony conviction.  After review, we conclude that the evidence supports the convictions and the length of the sentence imposed.  However, we modify Boales' fine of $100,000 to reflect assessment of a fine in the amount of $50,000.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed in Part; Sentence Modified**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., wrote a separate concurring opinion, and JAMES CURWOOD WITT, JR., J., concurred in result only.

Frankie K. Stanfill, Lexington, Tennessee, Attorney for the Appellant, Cornelius Boales.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; Jerry Woodall, District Attorney General; and Bill Martin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On April 18, 2002, Narcotics Investigator Michael Harper with the Lexington Police Department, along with Investigator Daniel Stoneburner of the Henderson County Sheriff's Department and other officers, executed a search warrant at the residence of the Appellant at 1565

Leo Woods Road in Cedar Grove. Two mobile homes were situated on the property, one occupied by the Appellant and the other occupied by the Appellant's mother. The police officers had driven to the location in an unmarked van, and several officers had been posted in "concealed" positions in the event the Appellant returned home.

Approximately thirty minutes into the search of the homes, the Appellant and his girlfriend, Misty Birchett, drove up the driveway to the Appellant's residence in his mother's vehicle, which the Appellant had borrowed. Birchett was driving the vehicle with the Appellant in the passenger seat. When the vehicle came to a stop, officers surrounded the car and ordered the Appellant and Birchett out. The pat down of the Appellant by Investigator Harper revealed the presence of a small bag of marijuana and an orange plastic Easter egg containing crack cocaine in the Appellant's left front pants pocket. Investigator Stoneburner also observed the removal of the plastic egg containing cocaine and the bag containing marijuana from the Appellant's pocket. In addition, Stoneburner recovered a brown bag containing individual plastic bags of marijuana on the bench seat of the vehicle between the Appellant and Birchett. The marijuana in the Appellant's pants pocket weighed 5.7 grams, the crack cocaine in the Easter egg weighed 5.5 grams, and the marijuana found on the seat weighed 84.9 grams. The Appellant and Birchett were jointly indicted in a four-count indictment charging each alternatively with the possession of over 0.5 grams of cocaine with the intent to sell or deliver and alternative counts of possession of over 0.5 ounces of marijuana for purposes of sale or delivery.

On the morning of the scheduled trial, Birchett pled guilty to possession of cocaine over 0.5 grams and possession of marijuana over 0.5 ounces. Testifying on behalf of the Appellant, Birchett stated that she and the Appellant lived together. She testified that the marijuana found on the seat belonged to her and not the Appellant. She stated that she had put the marijuana under the arm rest of the car when the Appellant picked her up that evening. Birchett admitted that she planned to sell the 84.9 grams of marijuana found on the seat and that the Appellant knew that she sold marijuana and cocaine. She stated that she never saw the Appellant with any cocaine that evening and never saw the officers remove a plastic Easter egg from the Appellant's pocket. However, she stated that she had two rocks of crack cocaine which she had placed in a small plastic bag. She explained that when the officers began approaching the vehicle at the Appellant's mobile home, she threw the crack cocaine toward the passenger's side floorboard and never saw the cocaine again. The Appellant, testifying in his own defense, denied any knowledge of the cocaine and denied that Harper ever removed a plastic Easter egg from his pants pocket. He admitted that he had the 5.7 grams of marijuana in his pocket and that he had asked Birchett to drive so he "could roll about two or three blunts" from the "weed" on the way back home. He stated that he only learned of the larger bag of marijuana while en route to his residence. The Appellant stated that there were a number of plastic Easter eggs in the car "because it was Easter time." He surmised that the officers took one of the eggs from the car, recovered Birchett's two rocks from the floorboard, and placed them in the Easter egg. He offered no explanation as to why the officers would want to "plant" the evidence on him.

At the conclusion of the proof, the jury found the Appellant guilty of each count charged in the indictment. Additionally, the jury assessed the maximum fine of $100,000 for each of the class

B felony convictions. The trial court merged the alternative counts, resulting in a conviction under Count 1, which charged class B felony possession with the intent to sell cocaine, and under Count 3, class E felony possession with the intent to sell marijuana. For the class B felony, the trial court imposed the $100,000 fine as fixed by the jury. At the conclusion of the sentencing hearing, the trial court also sentenced the Appellant, as a Range I offender, to the maximum sentence of twelve years for the cocaine conviction and the maximum sentence of two years for the marijuana conviction. The two sentences were ordered to be served concurrently.

## ANALYSIS

### I. Sufficiency of the Evidence

The Appellant argues that the evidence in this case is legally insufficient to support his two drug convictions. In considering this issue, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after reviewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). These rules are applicable to findings of guilty predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). As in the case of direct evidence, the weight to be given circumstantial evidence and "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." *Marable v. State*, 313 S.W.2d 451, 457 (Tenn. 1958) (citations omitted).

The Appellant was convicted of possessing cocaine, a schedule II controlled substance, in excess of 0.5 grams, with intent to sell, and of possessing marijuana, a schedule VI controlled substance, over one-half (½) ounce, with intent to sell, class B and class E felony offenses. Tenn. Code Ann. § 39-17-417(a)(4), (c)(1), (g)(1) (2003). The Appellant does not dispute the fact that he is guilty of possessing 5.7 grams of marijuana, which would warrant his conviction for simple possession.[1] He does, however, contest his possession of the 84.9 grams of marijuana recovered from the seat of the vehicle. He asserts that Ms. Birchett admitted ownership of the marijuana at his trial and pled guilty to its possession. Additionally, he argues that the 5.5 grams of cocaine belonged to Ms. Birchett, that she admitted that she sold cocaine, and that she pled guilty to its possession.

---

[1] Possession of marijuana not in excess of one-half (½) ounce (14.175 grams) is a class A misdemeanor. Tenn. Code Ann. § 39-17-418 (2003).

Whether the Appellant had knowledge and possession of the illegal drugs are questions of fact to be determined by the jury. Knowledge of the presence of illegal drugs may be circumstantially proven by evidence of acts, statements, or conduct which would allow an inference that a defendant was in control of the premises and was aware of the presence of drugs on the premises. *State v. Tim D. Gardner*, No. M2001-01436-CCA-R3-CD (Tenn. Crim. App. at Nashville, Feb. 20, 2003), *perm. to appeal denied*, (Tenn. 2003).

Tennessee courts have recognized that "possession" may be either actual or constructive. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001). Constructive possession requires proof that a person had "the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others." *Id.* (quoting *State v. Patterson*, 966. S.W.2d 435, 445 (Tenn. Crim. App. 1997)). In essence, constructive possession is the ability to reduce an object to actual possession. *State v. Brown*, 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995). Moreover, possession may be sole or jointly with others. *State v. Copeland*. 677 S.W.2d 471, 476 (Tenn. Crim. App. 1984). It is well-established, however, that a person's mere presence in an area where drugs were discovered is not, standing alone, sufficient to establish that the person possessed the drugs. *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). Moreover, "mere association with a person who does in fact control the drugs or the property where the drugs are discovered is insufficient to support a finding that the person possessed the drugs." *Brown*, 915 S.W.2d at 8.

With regard to the Appellant's conviction for cocaine possession, Investigators Harper and Stoneburner testified that a plastic Easter egg containing 5.7 grams of crack cocaine was recovered from the Appellant's left front pants pocket. In the light most favorable to the State, this proof established actual possession of the cocaine by the Appellant. With regard to the 84.9 grams of marijuana located on the seat of the vehicle, the proof is sufficient to establish that the Appellant possessed the marijuana based upon a theory of joint constructive possession with Birchett. The Appellant had control over the vehicle in which the marijuana had been placed. The marijuana, which was packaged for resale, was located next to the Appellant and in plain view. The Appellant had marijuana on his person. Clearly, with regard to Birchett's claim of ownership, the jury was not bound by this testimony. Rather, as instructed, the jury, as the exclusive judges of her credibility, were free to disregard any or all of her testimony. Accordingly, we conclude that the proof is sufficient to support the Appellant's convictions for felony possession of cocaine and felony possession of marijuana.

## II. Sentencing

Next, the Appellant challenges two aspects of his sentence. First, he argues that the trial court's imposition of the maximum fine of $100,000 for his class B felony cocaine conviction was excessive. Second, he argues that the trial court erred in imposing a sentence of twelve years, the maximum for this conviction.

### A.  Amount of Fine

"When imposing sentences, after the sentencing hearing, the court shall impose a fine, if any, not to exceed the fine fixed by the jury." Tenn. Code Ann. § 40-35-301(b) (2003).  Any challenge to the amount of the fine imposed by the trial court should be conducted in accordance with the principles of the 1989 Sentencing Act.  *State v. Bryant*, 805 S.W.2d 762, 767 (Tenn. 1991).  The defendant's ability to pay is a factor to consider in establishing the fine, but it is not necessarily a controlling factor.  *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996).  A court should also consider other factors, including "prior history, potential for rehabilitation, financial means, and mitigating and enhancing factors that are relevant to an appropriate, overall sentence." *State v. Taylor*, 70 S.W.3d 717, 723 (Tenn. 2002).

The Appellant is thirty-one years old and has an extensive criminal history reflecting both felony and misdemeanor convictions.  His first encounter with the law was as a juvenile, which resulted in detention.  He has spent the greater part of his adult life in the penitentiary, having served eight years of a nine-year sentence.  He was discharged from the Department of Correction in December 2000.  Since that time, his employment history has been sporadic at best.  He has worked as a grocery stocker, a roofer, a cook at Krystal's, and for several construction companies.  He has no assets. He reports that he began using drugs at age ten and admits that he still has a drug problem. He dropped out of high school; however, he obtained his GED in prison.  His current ability to pay any portion of the fine is unrealistic, and the prospects for future payment are equally bleak, especially since he is currently serving a twelve-year sentence.  Based upon the facts of this case, we conclude that modification is warranted and modify the Appellant's fine to $50,000.  We conclude that imposition of a $100,000 fine under the facts of this case is not necessary to achieve an appropriate overall sentence for the Appellant.

### B.  Length of Sentence

The Appellant also argues that the trial court erred in imposing the maximum sentence of twelve years, as a Range I offender, for his class B felony conviction.[2]  When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 16, 169 (Tenn. 1991).  This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169.  When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that

---

[2]The sentencing range, as a Range I offender for a class B felony, is eight to twelve years.  Tenn. Code Ann. § 40-35-112(a)(2) (2003).

the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); *Ashby*, 823 S.W.2d at 168.

The trial court enhanced the Appellant's sentence based upon the application of enhancement factor (2), the defendant has a previous history of criminal convictions, factor (9), the defendant has a previous history of unwillingness to comply with a sentence involving release in the community, and factor (21), the defendant was adjudicated to have committed a delinquent act as a juvenile that would constitute a felony if committed by an adult. *See* Tenn. Code Ann. § 40-35-114(2), (9), (21) (2003). The record clearly supports application of these three factors. Indeed, the Appellant does not contest the applicability of these enhancers. Rather, he merely argues that because the co-defendant Birchett received an eight-year sentence for the same criminal conduct, his sentence should have been no greater than Birchett's.

This argument is clearly misplaced. Individualized sentencing is central to our 1989 Sentencing Act. *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The punishment should not only fit the offense, it should fit the offender. *Id.* As noted previously, the Appellant possesses an extensive criminal history including four prior felony convictions.[3] These convictions, which resulted in an effective nine-year prison sentence, include aggravated burglary, aggravated assault, and two convictions for felony possession of cocaine with intent to sell. Moreover, after his release from the penitentiary, the Appellant was convicted of attempted sexual battery, and his record includes numerous misdemeanor convictions. In 1989, as a juvenile, the Appellant was adjudicated as a delinquent based upon his commission of the offense of aggravated assault. The Appellant's sentence was suspended, and he was placed on probation. However, five months later, his probation was revoked, resulting in his commitment to the Department of Correction. *De novo* review of the sentence leads us to the conclusion that imposition of a twelve-year sentence was justified.

Although not raised as an issue, we note at this juncture the recent United States Supreme Court decision in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), clarifying and extending its decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). The *Blakely* court held that any fact that increases a sentence beyond the "relevant statutory maximum," defined as the maximum sentence that a judge may impose without making any additional findings of fact, must be submitted and proved to the jury beyond a reasonable doubt or admitted by the defendant. *Blakely*, 542 U.S. at _____, 124 S. Ct. at 2536-37. Thus, adherence to *Blakely* requires that any enhancement factors, other than prior criminal history, can be applied only if found by a jury or admitted by the defendant. *Id.* This holding was reaffirmed in *United States v. Booker*, 543 U.S. _____, 125 S. Ct. 738, 769 (2005).

The Appellant does not dispute application of the three sentencing enhancers at the trial level, nor does he dispute their application on appeal. Because sentencing enhancement based upon prior

---

[3]The trial court noted that the Appellant qualified for sentencing as a Range II multiple offender and was only one conviction short of Range III status; however, because the State chose not to give notice of intent to seek enhanced punishment, as required by Tennessee Code Annotated section 40-35-202, the court was limited to Range I sentencing.

criminal history is not implicated under *Blakely*, application of factor (2) was properly applied. Additionally, we conclude that enhancement factor (21), that the defendant was adjudicated to have committed a delinquent act as a juvenile that would constitute a felony if committed by an adult, is likewise not implicated. The constitutional protections of due process and a finding that the delinquent charge has been proven beyond a reasonable doubt, as required by *United States v. Almendarez-Torres*, 523 U.S. 224, 243, 118 S. Ct. 1219, 1230 (1998), are integral to an adjudication of delinquency in this state. *State v. Strickland*, 532 S.W.2d 912, 921 (Tenn. 1975); Tenn. Code Ann. § 37-1-129(b) (2003); Tenn. R. Juv. P. 28(d)(2). With regard to enhancement factor (9), previous history of unwillingness to comply with a sentence involving release, we conclude that although application of this factor violates *Blakely*, modification of the sentence is not necessary. Following plain error review, we conclude that consideration of the error is not necessary to do substantial justice, nor has prejudice been shown. *See* Tenn. R. Crim. P. 52(b). The proof supporting factor (9) is substantial, and the factor is uncontested. As such, we conclude that a jury presented with the opportunity to apply this factor would have done so.

## CONCLUSION

For the foregoing reasons, the judgments of conviction for class B felony possession of cocaine with intent to sell and class E felony possession of marijuana with intent to sell are affirmed. The Appellant's fine of $100,000 as imposed by the trial court is modified to reflect imposition of a fine of $50,000. The Appellant's sentence of twelve years resulting from his conviction for felony possession of cocaine is affirmed. This case is remanded to the trial court for entry of an amended judgment to reflect imposition of a fine in the amount of $50,000 for the class B felony conviction.

_____
DAVID G. HAYES, JUDGE